Mathis *vs.* The State.

---

No. 38.—JAMES MATHIS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] Where affidavits are presented for the purpose of impeaching the conduct of the Jury, and others are received in their vindication, and upon an examination of the whole testimony, the case be not made out against the Jury, the Court will not interfere with their verdict.

[2.] Though the testimony of a young and inexperienced witness, be not free from discrepancies, nor altogether satisfactory, yet, if there be about it, as a whole, such an air of truth as, in the opinion of the Court, may have authorized the Jury to credit the main fact stated, the Court will not interfere with a verdict rendered thereon.

Assault, &c. in Baker Superior Court. Tried before Judge PERKINS, May Term, 1855.

Mathis was indicted, tried, and convicted of an assault with intent to commit a rape upon a little girl under the age of consent.

A motion was made for a new trial upon several grounds, to only two of which was the attention of the Supreme Court called—

1st. That the Jury, after retiring, were corruptly tampered with, by James J. Keaton, who offered a bribe of $500, and

induced them, by threats, and other promises and means, to return a verdict of guilty.

2d. That one of the Jury, viz : Wm. Everett, was the father-in-law of the prosecutor, (who was the father of the little girl,) of which fact, defendant's counsel were ignorant.

In support of the first ground, were produced the affidavits of William Jordan, John Knight, Lewis F. Lanier and Thomas Hatcher, to the effect that Keaton went under the window of the Jury-room and told the Jury to "find him guilty or you will swear to a lie," and then offered to bet $500 to $100, that he would be convicted—that it was near enough for the Jury to hear what was said, and that the Jury immediately came down.

The State's Counsel, in rebuttal, offerred the affidavit of Wm. R. Swearingen and three others, that Keaton was drunk at the time, and was at some distance from the Jury-room ; and they did not believe the Jury heard what he said ;. and that he did not say, "find him guilty," &c. as far as they heard ; and that at the time this thing occurred, Thomas Hatcher and Lewis F. Lanier, they know, were imprisoned in jail, and they believe that John Knight was there also.

Also, the affidavite, of Keaton, denying that he spoke to the Jury or in their hearing, as he believed, and denying the use of the words alleged by Hatcher and others. Also, the affidavit of five of the Jurors, purging the Jury from all knowledge of this matter. To these last affidavits being received, Counsel for Mathis objected.

The Court refused to grant a new trial, and this is the error assigned.

Morgan, for plaintiff in error.

Sol. Gen. Lyon, for the State.

*By the Court.*—Starnes, J. delivering the opinion.

The objection taken to the Juror, Everett, seems to have-

Mathis *vs.* The State.

been abandoned by the Counsel for the plaintiff in error, (very properly so, we think,) and therefore, we shall not remark upon it.

[1.] The first of the two grounds which were pressed upon the attention of the Court, was that a new trial should have been granted, because, as was alleged by the plaintiff in error, the Jury had been tampered with by James J. Keaton.

In connection with this, we have considered the objection to the admission of the affidavits made by the five Jurors, and by Keaton.

We are not prepared to say, that under the circumstances, these affidavits were not proper evidence. But without taking them into view, we are of opinion that the showing which was undisputed, did not make out the case upon this point, as insisted on by the plaintiff in error. One only of the witnesses for the plaintiff in error deposes as to any effort made by Keaton to bribe the Jury. And that he misrepresented or was mistaken, is shown, we think, by the other two, who heard nothing of any offer of five hundred dollars to the Jury, if they would find the prisoner guilty. It is possible that the other might, in good faith, have mistaken or misconstrued what he heard Keaton say as to five hundred dollars, and finding the prisoner guilty.

The other two affiants say, that Keaton went under the windows of the Court-house, and said to the Jury, "Find him guilty, or you will swear to a lie," &c. and offered to bet five hundred dollars to one that they would find him guilty, &c. But the affidavits of Swearingen, Jeffries, Miller, and Bell contradict and are opposed to these statements. These persons seem to have been in a better situation to hear and understand what was said by Keaton, than the three witnesses already referred to, who were looking out of the jail; and to the testimony of these witnesses no exception has been taken. According to their statement, no such attempt was made by Keaton to influence the Jury.

[2.] The next point is, that the verdict is contrary to, and without evidence.

The testimony of the little boy, in this case, is not entirely satisfactory. It is somewhat contradictory, and in it there are discrepancies. These, however, to some extent, may be accounted for by the inexperience of a child, and the sharp fire of cross-examination to which he was subjected. Taking the whole of his testimony together, there is a character of simple truth about its dirty and disagreeable detail, which may well have satisfied the Jury as to the main fact, viz: that there had been a brutal attempt, on the part of this prisoner, to have sexual intercourse with the little sister of the witness. And as she was a child of seven years, too young to give her consent to the act which was attempted by the prisoner, we think that if they were so satisfied, they very properly found him guilty.

Let the judgment be affirmed.