RUSSELL H. CANNON, administrator of Nathaniel H. Bullock, deceased, plaintiff in error, vs. ALEXANDER G. BULLOCK, defendant in error.

1. A new trial will not be granted on the ground that a member of the jury

Cannon, adm'r. vs. Bullock.

who tried the cause was a relative of one of the parties, especially if the counsel moving it knew there was a relationship, but forgot it until after the verdict was rendered.

2. It must appear that grounds taken in a motion for a new trial, were warranted by what took place in the cause.

3. When there have been three concurring verdicts for the defendant, and on the last trial the evidence in his behalf is strengthened and warrants the finding of the jury, a new trial will not be granted.

Motion for new trial, from Cass county. Decided by Judge TRIPPE at March Term, 1858.

This was a motion, on the part of Bullock, for a new trial, on the ground that one of the jury who tried the case was of kin to defendant's intestate, which was not known to or recollected by counsel when they struck the jury, their client being absent, and which was supported by the affidavits of counsel. Counter affidavits were submitted, and after argument, the presiding Judge granted the motion for a new trial, and counsel for defendant excepted.

MILNER & PARROTT; and JOHNSON, for plaintiff in error.

AKIN; and UNDERWOOD, contra.

*By the Court.*—McDONALD J. delivering the opinion.

[1.] The Court below granted a new trial in this case on the single ground that one of the jurors who tried the cause was related to defendant's intestate; and an exception to the judgment of the Court granting a new trial on that ground is the only error assigned in the record. It appears that plaintiff's counsel had heard before the trial who the wife of the juror was; and he deposes, that if he had reflected, he would have known that he was brother-in-law of defendant's intestate, and that he struck the jury himself, the plaintiff being absent. The Court cannot consider such a ground as sufficient of itself to warrant the granting of a new trial, if, indeed, it ought to so be regarded under any circumstances. Parties may always send the list of the grand jury to the

room and know of them if there be a relative or connection of either party on the jury.   The Courts must hold parties to strict vigilance in guarding their rights in such cases, and not put the county to the trouble of a tedious trial, and the opposite party to the expense of protracted litigation, for causes that might confessedly have been obviated by proper reflection.   We do not think that a new trial ought to have been granted in the cause on that ground; but it is insisted that if it ought to have been granted on any of the grounds taken in the motion, the judgment of the Court below ought not to be reversed.

[2.] There is nothing in the record to show that the first, second, third and fifth grounds taken in the motion for a new trial are warranted by the facts of the cause, or the rulings and charge of the Court.   It would have been a sufficient reason for refusing the new trial, if the presiding Judge did not consider the grounds as authorized by the facts of the cause, his decisions or charge.

[3.] In looking through the evidence we are not prepared to say that the verdict ought to be set aside on the fifth ground taken in the motion, that the verdict is contrary to evidence.

There have been three concurring verdicts rendered by special juries, and the evidence given on this, the last trial, is much more favorable to the defendant than that submitted on the former trials, and would seem to warrant the finding of the jury.

Judgment reversed.