## SMITH *vs.* LOVEJOY.

Where the plaintiff, during the trial of a case and after part of the evidence was submitted, held a conversation with one of the jury, or in his presence and hearing, wherein his version of the circumstances attending the trade out of which the suit arose was stated, and the defendant and his counsel were ignorant of the fact that such a conversation had taken place until after verdict, this court will not control the discretion of the presiding judge in granting a new trial, though plaintiff may not have intentionally tampered with the juror. The juror's mind may have been influenced by such conversation unknown to himself, and the oath of the juror, that he rendered his verdict on the evidence and charge of the court alone, will not therefore necessarily operate to make a new trial illegal or improper.

Jurors. New trial. Before JUDGE HALL. Newton Superior Court. September Term, 1878.

Smith sued Lovejoy on a note. The jury found for the plaintiff. Defendant moved for a new trial, among other grounds, because the plaintiff held a conversation with two of the jurors in the case, and detailed to them his side of the case, pending its progress—which fact defendant did not know until afterwards. Both parties presented affidavits in regard to this ground. Those of defendant supported

the ground as made ; those of plaintiff were to the effect that he did not converse with any of the jurors, pending the case, in regard to it ; but that after the jury had been stricken and discharged for the night, he was questioned by a friend in regard to his case, and not thinking of the presence of a juror made some statements in regard to its merits. The juror heard a part, if not all, of them, but swore these did not influence him, but he made up his mind from the evidence and charge alone.

The motion was granted, and plaintiff excepted.

MERSHON & SMITH ; EMMET WOMACK, for plaintiff in error, cited (on the point decided), 42 *Ga.*, 64 ; 32 *Ib.*, 325 ; 18 *Ib.*, 343.

CLARK & PACE, by brief, for defendant, cited 6 *Ga.*, 287 11 *Ib.*, 203 ; 17 *Ib.*, 364 ; 34 *Ib.*, 379 ; 56 *Ib.*, 653 ; 38 *Ib.*, 216.

JACKSON, Justice.

Various grounds were alleged in the motion for a new trial, but the presiding judge granted it on one of them alone ; and inasmuch as he overruled all the others, and we think that he properly granted it on the one on which he rested it, that only need be considered.

That ground is to the effect that pending the trial and after the jury had been engaged in the case and had heard some evidence and were permitted to disperse for the night, the plaintiff had a conversation with two of the jury, in which he detailed his version of the land trade out of which the note sued on grew, and thus improperly influenced the jurors' minds.

It will be seen from the affidavits on this point that there is some conflict upon the question whether or not the conversation was had with the jurors, but there is no doubt that one of the jury was present and heard the case discussed by the plaintiff. It also appears that the defendant knew nothing of this conversation until the verdict was rendered,

and that his counsel were also ignorant that it had occurred. The juror who heard the conversation swears that he was uninfluenced by what he heard, and had not heard all the conversation, which was with a different person, and that he made his verdict solely from the evidence and the charge of the court.

The plaintiff swears that he did not remember that the person present, when he was conversing about the case, was a juror in the case.

The juror's mind might have been influenced by the version given to the case by the plaintiff, though he did not recognize the influence himself; therefore, although what he swore he might believe, yet impressions may have been made favorable to plaintiff and against defendant. The parties, when they strike a jury and the jurors disperse, should be particular to remember who they are—at least enough so as not to talk in their presence about the case. Whether they know or do not know that a juror is present, if he be present, the cause is equally prejudiced. If the party be ignorant that he talks to, or in presence of a juror, he relieves himself thereby from contempt of court and any moral turpitude; but he does not relieve the case of his adversary from being prejudiced by having an improper, or at least illegal, impression made on the juror's mind.

So, taking the most favorable view which can be taken of the case—that which is seen only in the light of the jurors' and the plaintiff's own affidavits—and the case is not one in which this court would control the discretion of the superior court in passing upon it—and taking it in the light of the defendant's proof by the affidavits which he introduced, then it becomes too clear for argument or cavil that the grant of the new trial was right.

In either view, there was no abuse of discretion, but the exercise of sound judgment. The purity and impartiality of the jury-box cannot be too sacredly guarded.

See 6 *Ga.*, 287; 11 *Ib.*, 203; 17 *Ib.*, 364; 34 *Ib.*, 379; 38 *Ib.*, 216; 56 *Ib.*, 653.

Judgment affirmed.