LYMAN *vs*. THE STATE OF GEORGIA.

1, 2, 3. The verdict was not contrary to law or the evidence.

4. If counsel know of misconduct on the part of the jury during the trial, such as conversing with others than members of their body, they should bring the same to the attention of the court, or it will be held to have been waived. They cannot take the chances of acquittal, and upon failure make such conduct a ground for new trial.

5. When information received is a fact showing motives or explaining conduct, it ceases to be hearsay evidence and becomes admissible.

6. Objection being made to a witness on the ground that, after being put under the rule, he was present in the court room during a portion of the trial, if he testifies that such is not the fact, and that he has heard none of the testimony nor the prisoner's statement, his testimony is admissible.

(*a.*) That a witness for the state, after being put under the rule, and having testified, may have heard the prisoner's statement, would not disqualify him from reintroduction.

7. A ground of the motion for new trial which is not approved will not be considered by this court.

8. To ask counsel publicly in the presence of the jury trying a cause whether the jury should be allowed to disperse, is error.

(*a.*) A case having been called in the afternoon, and the court not desiring to begin the trial, if it would require keeping the jury together all night, that, before they were empanneled or sworn, he asked counsel whether the beginning of the case that evening would necessitate the keeping of the jury together, did no injury.

September 12, 1882.

New Trial. Criminal Law. Practice in Superior Court. Jurors. Before Judge BROWN. Cobb Superior Court. November Term, 1881.

To the report contained in the decision it is only necessary to add, in connection with the fifth division thereof, that Sanges, the person assaulted, in stating how the assault happened, testified as follows: " A young man reported that Neese's house had been broken into. I notified Stephens, the sheriff, of the fact. I was acting as a special policeman. He and I started up there, * * When we got to a house used by McClatchey for a lime house, Stephens said, ' Hold on ; I saw something go in there.' Stephens asked me to strike a match," etc. One ground of error assigned was the admission of the testimony that it had been reported that Neese's house had been broken into. For the other facts see the decision.

W. J. WINN ; C. D. PHILLIPS ; W. T. & R. WINN, for plaintiff in error.

GEO. F. GOBER, solicitor general, for the state.

CRAWFORD, Justice.

The plaintiff in error, having been convicted of an assault with intent to murder, seeks a new trial for errors which he alleges to have been committed by the court below.

1, 2, 3. The first three grounds of error assigned are, that the verdict is contrary to law, contrary to evidence, and without evidence to show that the defendant was guilty beyond a reasonable doubt.

That the defendant made an assault upon James Sanges at the time and place alleged, is not controverted, but that he made an assault with intent to murder him is denied. How this was must be determined by the jury, under the law and testimony.

Sanges, at the time of the assault, was a policeman, on duty in Marietta, and upon information received that a dwelling house had been broken into, he in company with the sheriff, whilst on their way to the same, saw somebody or something enter a house used for the storage of lime, but otherwise unoccupied. These officers approached the door, and when they reached it, Sanges opened it with his left hand, and the sheriff requested him to strike a match, which he did, and in an instant he was stricken a heavy blow in the face, which " started him over," when a second felled him to the ground. The light of the match discovered to the officers Lyman, the defendant, and one Williams, his co-defendant. The defendant was standing with his stick raised in both hands, and in a striking position, Williams stooping over, whether to arm himself or not does not appear, but the sheriff testifies, that just as the match was lit, both men seemed to strike at once, and Sanges fell. The defendant and Williams, seeing their advantage, fled. The testimony of the officers was that they believe the stick used was a weapon likely to produce death.

These facts show a bold and fixed determination not to

be seen, but if seen not to be arrested.   To take a stick that is likely to produce death in both hands, and strike a man over-handed with it, and repeat the blow by himself on another, without uttering a word of warning or inquiry, or having one spoken to him, was well calculated to impress the jury with the belief that the assault was with intent to murder.   And the more especially so where the defendant, as appears by the record, had said, that he would have done anything to have gotten away, and that if he had had a pistol, he would have shot the officers that he might have gotten away.

4. The fourth ground of error is, that during the progress of the trial, and after the evidence had been submitted, one of the jurors had some conversation over the railing of the bar, near the jury-box, with some person other than the officer in charge or his fellow-jurors, and that the jurors were allowed to remain in the court-room during the recess of the court whilst general conversation was being carried on in their hearing.

The law is that the defendant must bring the misconduct of the jury to the knowledge of the court, if known ; and if not brought when known, it will be held in contemplation of the law to have been waived.   This ground of the motion is supported by the affidavit of the defendant's counsel, and should have been brought at once to the attention of the court.   He cannot remain silent and take the chances of an acquittal for his client, and upon failure, make it a good ground for a new trial.   49 *Ga.*, 103 ; 66 *Ib.*, 463.

5. Because the court erred in allowing, over defendant's objection, the state to prove that Neese's house was reported to the officers to have been broken open.

This ruling was right.   See Code, §3771.

6. Because witness, Stephens, was reintroduced and allowed to testify after being put under the rule, he having been inside the bar after the delivery of his testimony and while the defendant was making his statement.

This witness qualified himself to testify, even if the law were as claimed by defendant's counsel, hence there was no error committed in allowing his testimony. 65 *Ga.*, 330.

7. This ground of error, not being approved by the court, cannot be considered.

8. Because the court erred, when the case was called up on Friday afternoon and both parties had announced ready, in asking counsel publicly in the presence of the jury who were to try, and a part of whom did try the case, if they would require the jury to be kept together all night if made up then, he not wishing to take up the case that evening and confine them all night. As we gather the facts from the record, they had not been empanneled, nor sworn at the time the question was asked; nor does it appear that it was the purpose of the judge to have proceeded with the cause, if it involved the confinement of the jury for the night. So that it was immaterial whether defendant's counsel objected or not, as in either event the jury would have dispersed, for upon objection the case would have been suspended, and the jurors discharged; upon consent, at recess they would likewise have been discharged.

It is, however, true, that it has been ruled several times by this court, that to ask counsel publicly in the presence of the jury trying the case, whether it should be allowed to disperse was improper, and we reaffirm that ruling, because jurors not only dislike the confinement, but believe that a refusal to allow them to disperse is a direct attack upon their integrity.

The three remaining grounds of error assigned, not being approved by the judge, as set out in the motion for a new trial, cannot be considered.

Judgment affirmed.