## DESVERGES *v.* GOETTE.

1. The evidence for the plaintiff established her right to recover the premises
   in dispute.
2. The losing litigant can not complain of an irregularity in the trial, of
   which he had notice and to which he consented previously to the verdict.
3. Where an affidavit is presented in support of a ground of a motion for a
   new trial, impugning the conduct of the jury and the attorney for the pre-
   vailing party, and counter-affidavits are submitted in their vindication, and
   the trial judge, upon examination of the whole testimony, finds the charge
   of misconduct is not sustained, this court will not interfere with his discre-
   tion.
4. Even if the exception to the charge of the court, that it did not fairly and
   fully present to the jury the defendant's side of the case, be treated as a
   proper assignment of error, it is without merit, because the charge was full
   and impartial, and correctly submitted to the jury the law applicable to the
   case on trial.

Submitted October 10, —Decided October 15, 1904.

Complaint for land.    Before Judge Cann.    Chatham superior
court.    August 1, 1904.

*W. P. LaRoche* and *Gordon Saussy,* for plaintiff in error.
*Beckett, Norman & Beckett,* contra.

EVANS, J.    This was an action of ejectment, brought in the
superior court of Chatham county by Mary C. Goette against
Joseph Desverges.    The trial resulted in a verdict for the plain-

tiff, and a motion for a new trial was made by the defendant, which was overruled, and he excepted.    The motion was predicated upon the formal grounds, and also upon alleged misconduct on the part of the plaintiff's attorney, and on the ground that one of the jury failed and refused to view the premises in dispute, in accordance with the order of court, and also on the ground that the charge of the court did not fully and fairly present to the jury the defendant's case.

1. It was conceded in the brief of the plaintiff in error that the title upon which the plaintiff relied was a perfect paper title, the contention being that the land in controversy was not embraced therein.    On an inspection of the record we find ample evidence to justify the finding of the jury that the premises in dispute were covered by the various muniments of title upon which the plaintiff relied.

2. The fifth ground of the motion for a new trial was as follows: "Because one of the jurors trying said case failed and refused to view the premises in dispute, thereby rendering his verdict upon a part and not all of the evidence in the case, and remained at the home of Henry Ambos, a party interested in the result of said case."    In support of this ground of the motion the plaintiff submitted the affidavit of Adam Campbell, that one of the jurors remained at Thunderbolt while the others crossed the river and inspected the premises under the order of the court.    It appeared also, from counter-affidavits, that counsel for the plaintiff and the defendant expressly agreed and consented that this juror, who was ill, should remain in the custody of the deputy sheriff at Thunderbolt.    In *Martin* v. *Tidwell,* 36 *Ga.* 345, this court, in discussing alleged misconduct of a juror pending the trial, said that if, with full knowledge of the facts, the complaining party permitted the trial to proceed, he must submit to the consequences.    From the affidavits submitted on the hearing of the motion, the trial judge could well have reached the conclusion, not only that counsel for the plaintiff in error knew that one of the jurors had remained at Thunderbolt, because of illness, in charge of the deputy sheriff, while the other jurors were inspecting the premises, but that counsel actually consented that this juror might so remain until the return of those who went to view the premises.    After this inspection of the premises by eleven of the

jurors, the trial proceeded without objection.　It is too late, after verdict, for the unsuccessful litigant to complain of the failure of one of the jurors to view the land pursuant to the order of the court, his counsel knowing, pending the trial, that the juror had not gone upon the premises, and having expressly consented that the eleven jurors might inspect the land during the absence of this juror who was prevented from so doing by illness.　There was no merit in this ground of the motion for a new trial.

3. Another ground of the motion was: "Because, while the jurors trying said case were viewing the premises in dispute under order of the court, three of the said jurors wandered off with one of the counsel for the plaintiff, George W. Beckett, and two of the witnesses in the case made many statements as to the boundary lines of the property in dispute and other matters affecting the rights of this defendant, without defendant or his counsel hearing the same, and that these matters were unknown to counsel for defendant until after the trial of the said case, as will appear by the affidavits [attached to the motion], the same being hurtful to defendant's case."　In support of this ground of the motion, the defendant submitted the affidavit of Adam Campbell as to certain alleged misconduct on the part of counsel for the plaintiff and the jurors referred to.　On the hearing of the motion, the defendant in error presented the affidavits of her counsel, the deputy-sheriff, her husband, and one of the jurors, to the effect that the statements contained in the affidavit of Campbell were untrue.　The sanctity of the court and the purity of trial by jury alike demand that the verdict shall not be in the slightest degree influenced or controlled by matters and conduct extrinsic to the trial.　Yet where improper practice is alleged, either on the part of a litigant, the jury, or strangers, it is competent for the court to hear evidence as to the truth or falsity of the imputation.　If the proof submitted to the judge on the hearing of the motion is of such a character as to show that there was no misconduct, he may refuse a new trial.　*Mathis* v. *State*, 18 *Ga.* 343.　Where the evidence as to the alleged misconduct is conflicting, this court will not reverse the finding of the judge, unless the evidence adduced to establish such misconduct is of such strength as to justify the inference either that the evidence was misapprehended by the trial court, or that the trial judge

abused his discretion in overruling the motion for a new trial based on this ground.     See *Hackett* v. *State*, 108 *Ga.* 40.     The affidavits submitted by the defendant in error positively denied the improper conduct testified to by Campbell; the trial judge believed the affiants in these counter-affidavits, and we find no error in overruling this ground of the motion for a new trial.

4. Even if the exception to the charge of the court, that it did not fairly and fully present to the jury the defendant's side of the case, be treated as a proper assignment of error, it is without merit, because the charge was full, fair, and impartial, and correctly submitted to the jury the principles of law applicable to the case on trial.  *Judgment affirmed.  All the Justices concur.*