## JOSEY *v.* THE STATE.

FISH, C. J. 1. In order for the misconduct of a juror during the trial of a criminal case in which he is engaged to be cause for a new trial, it must affirmatively appear that the accused and his counsel did not know of the misconduct until after the verdict. *Walker* v. *Walker,* 11 *Ga.* 203; *Cannon* v. *Bullock,* 26 *Ga.* 431; *Salter* v. *Glenn,* 42 *Ga.* 64; *Eberhart* v. *State,* 47 *Ga.* 598; *Cogswell* v. *State,* 49 *Ga.* 103; *Carter* v. *State,* 56 *Ga.* ·463; *Smith* v. *Lovejoy,* 62 *Ga.* 372; *Lyman* v. *State,* 69 *Ga.* 404; *Kirk* v. *State,* 73 *Ga.* 620, 627; *Wynn* v. *City & Suburban Ry.,* 91 *Ga.* 344 (17 S. E. 649) ; *Central of Ga.˙ Ry. Co.* v. *Hammond,* 109 *Ga.* 383 (34 S. E. 594); *Brooks* v. *Camak,* 130 *Ga.* 213, 217 (60 S. E. 456).

(a) No effort to comply with this rule was made in this case.

(b) The decision in *Rainy* v. *State,* 100 *Ga.* 82 (27 S. E. 709), decided by three Justices on November 9, 1896, wherein a˛ruling was made

contrary to the doctrine announced and followed in the prior decisions of this court above cited, must, under the doctrine of stare decisis in force in this State (Civil Code, § 6207), yield to such former decisions.

2. There was no evidence to authorize the verdict, and the refusal of a new trial was not an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

No. 942.   OCTOBER 15, 1918.

Indictment for murder. Before Judge Hardeman. Washington superior court. March 21, 1918.

*Evans & Evans,* for plaintiff in error.

*Clifford Walker, attorney-general, Walter F. Grey, solicitor-general,* and *M. C. Bennet,* contra.