### 11450. DAVIDSON *v.* THE STATE.

1. The evidence authorized the instructions upon the law of manslaughter.
2. Under the facts of the case, it does not appear that the trial judge abused his discretion in overruling those grounds of the motion for a new trial which were based upon the alleged incompetence and misconduct of one of the jurors.
3. The verdict was authorized by the evidence.

DECIDED JUNE 16, 1920.

Conviction of manslaughter; from Wilkinson superior court — Judge Park. March 9, 1920.

*George H. Carswell, J. F. Bloodworth, Victor Davidson,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

BROYLES, C. J. The second headnote alone requires elaboration. After his conviction of voluntary manslaughter, the defendant

made a motion for a new trial, and alleged in an amendment thereto that one of the jurors was incompetent to serve as a juror in the case, for stated reasons, and that he was also guilty of certain stated misconduct which required a new trial. It was alleged in general terms, in the amendment to the motion for a new trial, that neither the defendant nor any of his counsel knew of the incompetency or the misconduct of the juror until after the return of the verdict, but it was not therein alleged that they could not have discovered the same by reasonable diligence. In support of these special grounds of the motion for a new trial the defendant presented his affidavit, in which he specifically alleged that *he* did not know of the incompetency or the misconduct of the juror until after the verdict, but he did not therein state that he *could not have discovered the same by reasonable diligence.* The only affidavit of counsel for the defendant presented was one signed by all of them, which merely stated that "to the best of their knowledge and belief" the statement of facts in the amendment to the motion for a new trial was true and correct.

Under the uniform rulings of our courts, we do not think these affidavits, especially the one from the defendant's counsel, measured up to the rule. The affidavit of counsel should have specifically and unequivocally stated that none of them knew of the incompetency or the misconduct of the juror in question until after the verdict, and that they could not have discovered the same by the exercise of ordinary or reasonable diligence. In his order overruling the motion for a new trial the judge said: "As to the ground No. 2, in the amended motion for new trial, complaining of the misconduct of the juror, W. E. Spears, from the facts stated in said ground and also in the grounds numbered 3, 4, and 5, the movant was in possession of such facts that by the exercise of proper diligence he could have ascertained said facts before the verdict was rendered in said case, and under the decision and authorities cited in the case of *Josey* v. *State,* 148 *Ga.* 468 (96 S. E. 1041), the alleged misconduct of said juror does not require a new trial."

Under these circumstances we can not say, as a matter of law, that the court erred in overruling the motion for a new trial.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., not presiding.*