## SHARPE v. THE STATE.

1. The evidence authorized the verdict.
2. The grounds of the motion for new trial complaining of the refusal of the court to rule out designated evidence are without merit.
3. The court did not err in overruling the ground of the motion for new trial alleging misconduct on the part of a juror.

No. 5535.   April 16, 1927.

Murder.  Before Judge Reed.  Pierce superior court.  June 2, 1926.

*H. H. Elders* and *J. R. Walker Jr.*, for plaintiff in error.

*George M. Napier, attorney-general, A. B. Spence, solicitor-general*, and *T. R. Gress, assistant attorney-general*, contra.

GILBERT, J.  1, 2.  The first and second headnotes do not require elaboration.

3.  One ground of the motion for new trial is as follows: "Because each of the two nights after the jury would leave the courthouse to retire for the night, during the trial of the case and before they returned a verdict to the court, the foreman of the jury, Mr. J. O. Ward, without knowledge of the defendant or defendant's counsel and without the consent of the judge of said court, was allowed by the bailiff in charge to separate from the rest of the jury and sleep in a separate room with his wife, and he would remain there until the next morning, being separated during each night from the jury and in company with a person other than the bailiff or other members of the jury, said action upon the part of the foreman of the jury being highly improper and therefore harmful and prejudicial to the rights of the defendant."  The facts alleged in this ground as to the separation of the juror are supported by an affidavit of that juror's wife.  A counter-affidavit by said juror tended to show that neither the case nor the name of the accused was mentioned in his presence during the time of the alleged separation, and that the subject was not mentioned by any one in his presence during that time.  This affidavit further tended to show that the doors between the rooms occupied by the jurors were open, and that the doors of the house to the outside were locked, and that the juror, Ward, was under the watch of the bailiff in charge of the jury.  Affidavits were also introduced showing the good character of that juror.  There was

Criminal Law, 16 C. J. p. 1146, n. 53; p. 1162, n. 37; p. 1225, n. 92.
Homicide, 30 C. J. p. 310, n. 25.

no evidence submitted by movant tending to show lack of knowledge of the facts set out in this ground of the motion on the part of the accused or his counsel, and no evidence to show that they did not have full knowledge of said facts before the verdict was returned.

In *Josey* v. *State,* 148 *Ga.* 468 (96 S. E. 1041), this court ruled: "In order for the misconduct of a juror during the trial of a criminal case in which he is engaged to be cause for a new trial, it must affirmatively appear that the accused and his counsel did not know of the misconduct until after the verdict. *Walker* v. *Walker,* 11 *Ga.* 203; *Cannon* v. *Bullock,* 26 *Ga.* 431; *Salter* v. *Glenn,* 42 *Ga.* 64; *Eberhart* v. *State,* 47 *Ga.* 598; *Cogswell* v. *State,* 49 *Ga.* 103; *Carter* v. *State,* 56 *Ga.* 463; *Smith* v. *Lovejoy,* 62 *Ga.* 372; *Lyman* v. *State,* 69 *Ga.* 404; *Kirk* v. *State,* 73 *Ga.* 620, 627; *Wynn* v. *City & Suburban Ry.,* 91 *Ga.* 344 (17 S. E. 649) ; *Central of Ga. Ry. Co.* v. *Hammond,* 109 *Ga.* 383 (34 S. E. 594) ; *Brooks* v. *Camak,* 130 *Ga.* 213, 217 (60 S. E. 456)." In *Cogswell* v. *State,* 49 *Ga.* 103, it was held that proof of the fact should be made by affidavits, and that a new trial will not be granted unless it affirmatively appears that the accused and his counsel did not know of the misconduct of the juror before the jury retired for a verdict. In the opinion in that case it was said: "Parties can not know of an impropriety in the jury, submit to it, taking the chances of a verdict, and then set up facts which came to their knowledge before the verdict." It is true that the motion for new trial in this case states that the juror, "without the knowledge of the defendant or defendant's counsel and without the consent of the judge of said court, was allowed by the bailiff in charge to separate from the rest of the jury and sleep in a separate room with his wife," etc. This allegation, properly construed, means that at the time of the separation or before the separation the accused and his counsel did not know of the same or consent thereto. It is not an affirmative allegation that they did not know of it at any time before the jury retired to make a verdict, nor that they did not know of it before the verdict was returned into court. Moreover, while prejudice is presumed from the misconduct of jurors and while the burden is upon the State to show that no harm resulted, under the affidavit of the juror, Ward, the court was authorized to find that the misconduct of the juror, if such

it was, did not require the grant of a new trial. *Jones* v. *State,* 136 *Ga.* 157 (71 S. E. 6) ; *Marshman* v. *State,* 138 *Ga.* 864 (76 S. E. 572).

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., dissenting. Aside from any other proposition involved in this case, it is my opinion that the plaintiff in error is entitled to a new trial upon the ground that the foreman of the jury who tried him, "without the knowledge of the defendant or the defendant's counsel and without the consent of the judge of said court, was allowed by the bailiff in charge to separate from the rest of the jury and sleep in a separate room with his wife, and he would remain there until the next morning, being separated each night from the jury and in company with a person other than the bailiff and other members of the jury, said action on the part of the foreman of the jury being highly improper and therefore harmful and prejudicial to the rights of the defendant." It seems to me that if there is any one respect which more than any other should characterize the conduct of a jury and differentiate it from ordinary affairs of inferior gravity and importance, it is that the jury in the trial of a capital felony should be kept aloof during their consecration to this high duty and allowed no communication with others. Otherwise the bailiff's oath is a nullity and absolute mockery. If the rule is not observed in all its strictness, what shall be the degree of communication allowed or the limit to be imposed upon outside interference? If there is to be no rule upon the subject, then the observance of what has been considered a most necessary precaution to guard and sanctify a trial in a court of justice, the seclusion of the jury and whether it shall be strict and invariable or subject to any variation in circumstances and surroundings, will become a mere matter of whim and caprice. It is settled by the rulings of this court that intercourse with outsiders on the part of jurors is presumptively prejudicial to the losing party in a cause. It matters not that in this case the juror was in a room with his wife, who may or may not have any interest in the case. It was perfectly lawful for him to sleep with his wife, but it would have been equally lawful to have permitted some other juror to go to his own home and sleep with his wife. To my mind the point is that in this age, where one of the greatest complaints of society is the lax enforcement of the

law, the law should be enforced in all of those details, the importance of which has been confirmed by the experience of generations. Especially is this true as to the sanctity of jury trials. The law can be but illy enforced if the public has no confidence in the verdicts of juries. Naturally there would be a loss of confidence if jurors were permitted to promiscuously mingle with the public during their sworn deliberations on cases of gravest importance. If one juror may separate from his fellows and enjoy the most intimate privacy and conversation with his wife, why not with his son, or his brother, or his daughter, if in these instances, just as in the case of the wife, there appears to be no special reason why the party would have an interest in the result of the cause on trial. The findings of a jury should be above and beyond suspicion; and there is no man who can say what may not transpire affecting either the conviction or acquittal of one accused of crime, if the triors are permitted to have private conversation with unsworn citizens.

I recognize the ruling in *Josey* v. *State,* 148 *Ga.* 468 (supra), that it must appear that the accused and his counsel did not know of the misconduct until after the verdict. But it seems to me that the statement of this ground of the motion for a new trial is sufficient to comply with all of the rules governing the construction of ordinary language. It can not be true that the juror was allowed by the bailiff in charge to separate from the rest of the jurors, etc., "without the knowledge of the defendant or defendant's counsel and without the consent of the judge," if this fact came to the knowledge of the defendant or the defendant's counsel or the judge before the verdict was returned and there was a necessity for making a motion for a new trial, unless it be assumed that counsel failed to perform their duty as ministers of justice by failing to call the attention of the court to the fact as soon as they discovered it. It would be trifling with justice and the truth to aver that the juror had been allowed to separate from the rest of the jury without the knowledge or consent of the defendant and his counsel, if this language was employed to disguise the falsity of the plea by concealing the vital fact that counsel and the judge, it being alleged that the separation was without his consent, were willing to violate one of the most vital rules of jurisprudence,—a trial by jurors apart from all extraneous in-

fluence. It will be seen from an examination of the cases cited in the majority opinion that there was no such "sticking in the bark" as arises from the implication in this case that counsel had knowledge of the separation of the jury prior to the rendition of the verdict. Unless such an implication is required from the language used in this ground of the motion (and I do not think it should be implied in any case in the absence of evidence showing that the officers of court making the motion should be disbarred), the language used at least does not show that the plaintiff in error (it being admitted that the separation of the jury occurred) has waived his right to object by knowledge previous to the rendition of the verdict.