## SMITH *v.* TINDOL.

No. 10201. NOVEMBER 20, 1934.

*J. P. Dukes,* for plaintiff in error.
*Deal & Drexel, P. M. Anderson,* and *W. F. Slater,* contra.

HUTCHESON, J. T. H. Tindol filed his bill in equity, against E. C. Smith and U. J. Bacon, alleging that he held title to certain realty in Bryan County prior to April 1, 1933; that he negotiated with E. C. Smith for a loan of money to be secured by a deed conveying this property; that on April 1, 1933, he was called in to sign papers in consummation of such loan, and was told that he was signing promissory notes and a deed to secure the debt, but later it became known to him that he had in fact signed a warranty deed and a lease agreement; that it was not his intention to sign such papers; and he was imposed upon by artifice and fraud; that he has no adequate remedy at law; that Smith refuses to rectify the mistake, and now proposes to alter and repair the property and incur other expense. Petitioner prays that Smith be enjoined from dealing in any way with said property, that the warranty deed and lease agreement be set aside and declared null and void, and that the clerk of the superior court be enjoined from entering the deed of record. General and special demurrers were filed by Smith. An amendment to the petition was allowed, in which the name of U. J. Bacon was stricken as a defendant, the allegations of the petition as to fraud and deceit were elaborated, mental incapacity to understand the nature of the papers signed was alleged, and a tender to Smith of the amount claimed to have been borrowed was made. The demurrers were overruled, and exceptions pendente lite were reserved. Other amendments were allowed, attaching a copy of the deed the plaintiff sought to cancel, and making R. E. Lee a party defendant. E. C. Smith filed his answer in which he denied the material allegations of the petition. He alleged that the transaction was bona fide, that the petitioner was aware of the nature of the papers signed by him, and that no fraud or deceit was practiced on him. The verdict was in favor of the plaintiff, for cancellation of the deed and rental contract and for injunction. A motion for new trial was overruled, and the defendant excepted.

■ As we construe it, the petition set out a cause of action, and the defects pointed out by the special demurrer were cured by the amendments.

■ Five grounds of the motion for new trial complain of the admission of testimony of certain witnesses as to the mental condition of the plaintiff; and as they involve the same principles of

law, they will be treated together. As a general rule, sanity or insanity, strength of mind or weakness of mind, temporary or permanent derangement, lucid or irrational intervals, may best be shown by expert testimony; but such testimony is not mandatory in establishing these facts. A non-expert witness can properly be allowed to give his opinion as to the state of mind of any person, when he bases that opinion upon his knowledge of such person's life, general habits, and conduct. *Herndon* v. *State,* 111 *Ga.* 178 (2) (36 S. E. 634). He can state all the facts which are within his knowledge, and base an opinion thereon as to the sanity or insanity of the person who is the subject of inquiry. *Slaughter* v. *Heath,* 127 *Ga.* 747-758 (59 S. E. 69, 27 L. R. A. (N. S.) 1. In this case each of the witnesses to whose testimony objection was made stated their contact with the plaintiff and their opportunity for observation; and it was not error to admit such testimony.

■ Another ground assigns error because jurors were permitted to talk to an outsider after the trial had commenced and some evidence had been introduced; and an affidavit was introduced to show such fact. The record, however, shows that a counter-showing was made to explain the occurrence and to show just what transpired. The evidence being conflicting, and the trial judge having passed upon it, there was no error in overruling this ground. *Desverges* v. *Goette,* 121 *Ga.* 65 (3) (48 S. E. 693); *Jones* v. *State,* 136 *Ga.* 157 (71 S. E. 6); *Marshman* v. *State,* 138 *Ga.* 864 (76 S. E. 572); *Sharpe* v. *State,* 164 *Ga.* 151 (3) (138 S. E. 52).

■ The relationship of a juror to a party interested in the result of the trial, if within the prohibited degrees and unknown to the complaining party or his counsel, is ground for a new trial. However, where it is sought to establish such relationship by affidavits on the hearing of a motion for new trial, and evidence is introduced to rebut them, it is within the province of the trial judge to determine the issue thus made; and where such conflict in the evidence appears, the province of the judge will not be interfered with by this court. *Marshman* v. *State,* and *Sharpe* v. *State,* supra.

■ The plaintiff in error complains of the failure of the judge to charge the jury on the law of fraud and deceit. It appears that this allegation was contained in the petition and was before the jury for consideration, and a charge thereon would have been proper. However, it also appears that the failure so to charge

could have operated only as against the plaintiff in the court below, and not against the defendant; but on the contrary such failure to charge would have inured to the benefit of the defendant. Error in any particular, which is not prejudicial to the rights of the complaining party, will not require new trial.

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed.* *All the Justices concur.*