### 28409. WATKINS *v.* THE STATE.

DECIDED OCTOBER 1, 1940.

*L. S. Johnson, William Hall,* for plaintiff in error.
*A. S. Skelton, solicitor-general, L. P. Webb,* contra.

GARDNER, J. Vade Watkins, jointly indicted with D. C. Mitchell for rape, was tried separately, and subsequently to the trial of the codefendant, and was convicted of assault with intent to rape. The defendant filed his motion for new trial on the usual general grounds, and thereafter amended the motion by adding two special grounds. The first special ground complains of the gross and flagrant misconduct of the foreman of the jury which rendered the verdict against the defendant, and the bailiff in charge of the jury, in informing the foreman that the codefendant, in whose case a verdict was received during the pendency of the trial of the defendant, had been convicted and given a term of ten years. It is contended that such misconduct was injurious and harmful to the defendant, for that the effect of such misconduct was to prejudice the jury against the movant in returning their verdict and fixing the movant's punishment; "that such misconduct took place in the presence and hearing of other members of the jury, *after the conclusion of the trial and the jury had retired to consider their verdict, and before the rendition of the verdict in the within case.*" The movant attached to the amendment certain affidavits in substantiation of this ground, but failed to attach affidavits by himself or his counsel that they did not know or have notice of such misconduct previously to the rendition of the verdict. The second special ground complains that the use of the words, "which was by the laying on of hands of the defendant upon her," was an expression or intimation of opinion by the court of the same as a *fact,* when used in the following charge: "If you find that at the time the assault was made, if you believe an assault was made upon Miss Canady, which was by the laying on of hands of the defendant upon her in violence or against her will, unlawfully, and that it was not the purpose of the defendant to force said Miss Canady to have sexual intercourse with him, but it was his purpose to persuade her to yield to his lecherous and lustful embraces and induce her to have sexual intercourse with him, then you would not be authorized to find the defendant guilty of the offense of assault with intent to rape, but you would be authorized to find the defendant guilty of assault and battery." Movant complains that the use of these words was a "clear intimation of an opinion to the jury by the court that the movant laid his hands upon the female alleged to have been raped." The court denied a new trial, and the movant excepted.

■ We think that with reference to the assignment of error based on the first special ground it is unnecessary to pass on the question whether harm or injury was in fact, or presumed to have been, done to the defendant, as under our view of the assignment these questions are precluded by two other rules of law which are controlling. It appears from the record, in the court's judgment overruling the motion for new trial, that as to this ground the court in effect held that no misconduct had occurred with the jury, or any member of the jury, as to improper information concerning the conviction and punishment of the codefendant, it having been alleged that such misconduct "took place . . *after* the conclusion of the trial and the jury had retired to consider their verdict, and *before* the rendition of the verdict in the within case." The only affidavits before the court, appearing of record, both on the showing by the defendant and the countershowing by the State, are in conflict as to the fact of the misconduct alleged. (Any oral evidence heard by the trial court is not properly before this court for consideration.) In such instances of conflict the ruling will not be disturbed by this court. *Desverges* v. *Goette,* 121 *Ga.* 65 (3) (48 S. E. 693) ; *Jones* v. *State,* 136 *Ga.* 157 (71 S. E. 6) ; *Smith* v. *Tindol,* 179 *Ga.* 801 (3) (177 S. E. 588). Furthermore, it appears from the record that no affidavits of the defendant and his counsel were made and attached, showing that neither the one nor the other knew or had notice of such alleged misconduct. Such affirmative showing is imperative; the lack of it is fatal. It was held in *Sharpe* v. *State,* 164 *Ga.* 151, 152 (138 S. E. 52), quoting approvingly from *Josey* v. *State,* 148 *Ga.* 468 (96 S. E. 1041) : "In order for the misconduct of a juror during the trial of a criminal case in which he is engaged to be cause for a new trial, it must affirmatively appear that the accused and his counsel did not know of the misconduct until after the verdict." See accompanying citations.

We are not unmindful of the earnest insistence by counsel that it is unreasonable to charge them, under the conditions as they existed, with knowledge of the facts before verdict, or that counsel had legitimate means to obtain such information, or that they were so situated as to have such facts brought to their attention. The law requires that this showing must be by affidavits. In the *Sharpe* case, supra, the court further observed: "In *Cogswell* v. *State,* 49

*Ga.* 103, it was held that *proof of the fact should be made by affidavits,* and that a new trial will not be granted unless it affirmatively appears that the accused and his counsel did not know of the misconduct of the juror before the jury retired for a verdict." (Italics ours.) The fact that the alleged misconduct occurred while the jury was *being empaneled* (as indicated by the certificate of the trial judge) will not save the assignment of error from the ruling made, as the assignment does not complain of any misconduct transpiring at *that* stage of the trial. The assignment complains that such misconduct took place *"after* the conclusion of the trial and the jury had retired to consider their verdict, and *before* the rendition of the verdict."

■ The assignment of error in the second special ground is without merit. The court used the words, "which was by the laying on of hands of the defendant upon her," in charging the jury as follows: "If you find that at the time the assault was made, if you believe an assault was made upon Miss Canady, which was by the laying on of hands of the defendant upon her in violence or against her will, unlawfully, and that it was not the purpose of the defendant to force said Miss Canady to have sexual intercourse with him, but it was his purpose to persuade her to yield to his lecherous and lustful embraces and induce her to have sexual intercourse with him, then you would not be authorized to find the defendant guilty of the offense of assault with intent to rape, but you would be authorized to find the defendant guilty of assault and battery." The assignment complains that the use of the words in the foregoing excerpt as indicated was a "clear intimation of an opinion to the jury by the court that the movant laid his hands upon the female alleged to have been raped." Deleted and set apart, the words "which was by the laying on of hands of the defendant upon her," might be subject to the criticism; but taken in their true relation to the excerpt quoted, there was no intimation or expression of opinion by the court. The excerpt opens with the premise that they must first find that an assault was in fact made, before they should apply the remainder of the excerpt inclusive of the words criticised. The court charged, "if you find . . if you believe an assault was made upon Miss Canady, which was by the laying on of hands of the defendant upon her in violence or against her will . ." Clearly the *finding* they should make included the

*manner* of the assault as well as the *fact* of the assault, and thus accordingly restricted the application of the entire excerpt.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*