31554. JOHNSON *v.* THE STATE.

Decided May 20, 1947.

188

R. A. Moore, for plaintiff in error.

M. L. Preston, Solicitor, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ In the case of Lyman v. State, 69 Ga. 404 (8), it is said: "It has been ruled several times by this court, that to ask counsel publicly in the presence of the jury trying the case whether it should be allowed to disperse was improper, and we reaffirm that rule, because jurors not only dislike the confinement but believe that the refusal to allow them to disperse is an attack upon their integrity." The reason for this rule is apparent, their natural inclination being to blame counsel refusing to agree to their dispersal. Trial judges should jealously guard against the commission of this error. However, in order for the defendant's rights to be preserved, his counsel must make a motion or "exception," a ruling on which will erase the error. If he only objects or excepts, neither the sustaining nor the overruling thereof, would do so. This error can only be erased by the grant of a mistrial, for which no motion was made in the instant case upon this ground. See Herndon v. State, Waddell v. State, and Georgia Power Co. v. Manley, supra.

■ Regarding the second headnote, it is observed that after counsel objected to the dispersal of the jury, the trial court gave proper instructions to the jury to keep together, but two of the jurors, probably inadvertently, disobeyed these instructions, and upon returning from lunch, instead of going into the jury room with the remainder of the jurors, went into the courtroom where they had the opportunity to mingle with other people, not on the jury. While this is presumed to be hurtful to the defendant and the burden is on the State to show that the accused sustained no injuries thereby, as held in the cases cited in the headnote, we are of the opinion that this burden was carried by the State in the manner provided for in the case of Waller v. State, supra.

■ The State's witness testified that he bought a quart of whisky from the defendant, paying $8 therefor and 25 cents cab fare to go get it. He exhibited a bottle filled with liquid, labeled "whisky," sealed and bearing certain pencil markings identified as having been made by witness. The facts in the instant case differ from those of the case of *Elrod* v. *State,* 39 *Ga. App.* 482 (147 S. E. 594), in that there the containers and their contents were not offered in evidence. In that case the State's witness testified in substance that Elrod left a suitcase in the back room of the store in which the witness was employed, containing fruit jars filled with a liquid that looked like whisky and beaded like it when he moved the suitcase. He had previously observed Elrod and another go in there and upon coming out the other would be under the influence of liquor. In that case the evidence was held insufficient.

In the instant case the State's witness, without objection, testified that the contents of the bottle was whisky. Had timely objection then been interposed to this testimony it would doubtless have resulted in opening the bottle. The bottle was labeled whisky. The witness testified he bought it for whisky. The witness identified it by pencil marks he said he put on it. It bore pencil marks.

We think the evidence is sufficient to support the verdict.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*