## 55289. McDANIEL v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of robbery and his motion for new trial was denied. *Held:*

1. Defendant enumerates that the court erred in allowing the jury to disperse without adequate supervision. Prior to each recess, the trial judge admonished the jurors that they were not to discuss the case among themselves or with anyone else. These instructions were not objected to and defendant may not now complain that the trial judge's instruction was inadequate to prevent unsupervised communications with third parties. *Williams v. State,* 232 Ga. 203, 206 (206 SE2d 37).

2. In his motion for new trial defendant asserted newly-discovered evidence as one of the grounds. Attached to his motion were affidavits attempting to show improper communication between a juror and a state's witness. Neither defendant nor his counsel submitted any proof by affidavit that they were without knowledge or notice of the alleged misconduct of the juror prior to verdict. This defect is fatal to the claim of error that the trial court failed to hold an evidentiary hearing on being presented with the claimed newly-discovered evidence. It must be shown affirmatively by affidavit that neither defendant nor his counsel had any knowledge of this alleged misconduct prior to verdict before a new trial will be granted. *Sharpe v. State,* 164 Ga. 151 (138 SE 52).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 30, 1978 — DECIDED MARCH 2, 1978.

*Gary L. Clark,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas W. Thrash, Carole E. Wall, Assistant District Attorneys,* for appellee.