A01A0568. PARKER v. THE STATE.
(548 SE2d 475)

MILLER, Judge.

A grand jury indicted Adrian Parker, Dwayne Durham, and Jasper Heath for armed robbery and possession of a firearm during the commission of a crime.[1] Durham and Heath pled guilty, and a jury found Parker guilty of the two offenses. He moved for a new trial on the grounds of insufficiency of the evidence, juror misconduct, and

---

[7] *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001).
[8] Id.
[9] *Mann v. State*, 240 Ga. App. 809, 810 (1) (a) (524 SE2d 763) (1999), aff'd, *Mann v. State*, supra, 273 Ga. at 368 (1).
[10] *Mikell v. State*, supra, 270 Ga. at 469.
[11] *Moton v. State*, 242 Ga. App. 397, 400 (3) (b) (530 SE2d 31) (2000). Accord *Mikell v. State*, supra, 270 Ga. at 468-469.
[1] Parker was also charged with possession of a firearm by a convicted felon, but that charge was nolle prossed. Durham and Heath were also charged with obstruction of an officer.

ineffective assistance of counsel. He also filed a motion for the release of juror information, which the trial court granted. The trial court denied Parker's amended motion for new trial, and he appeals. We affirm.

1. Parker contends that the evidence is insufficient to support the verdict. On appeal from a criminal conviction, an appellant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict.[2] So viewed, the record contains the trial testimony of the victim, who stated that as she was walking across a shopping mall parking lot, a passing automobile suddenly stopped beside her. One of the three men in the automobile exited the rear passenger door and shoved a sawed-off shotgun in her face. During a struggle, the gunman knocked the victim to the ground, rendering her unconscious. Two individuals who were witnessing the incident testified that during the struggle, they saw the gunman grab the victim's purse, then return to the rear passenger seat of the automobile. The automobile sped away. The witnesses gave police a description and partial license tag number of the automobile.

A police officer, who spotted the automobile about five minutes after a police broadcast, testified that he followed the automobile to a gas station. He stated that when one of the men exited the rear passenger seat of the automobile, he ordered him to the ground. The other two men drove away, and the officer, along with another officer who had arrived as backup, pursued the fleeing automobile, leaving the backseat passenger at the station. The officers soon apprehended the men in the vehicle, finding Durham as the driver and Heath as a front seat passenger. A search of the automobile produced a purse and a sawed-off shotgun found on the rear floorboard and another shotgun found on the backseat. Although the backseat passenger had vacated the gas station, Durham directed police to Parker, who was arrested the next day.

At the police station Parker gave a statement wherein he admitted that he was riding in the backseat immediately before and after the armed robbery, although he placed himself in the front seat during the armed robbery and named Durham as the gunman. Heath, after pleading guilty for his participation in the armed robbery, testified otherwise, naming Parker as the backseat passenger who jumped out of the automobile, confronted the victim with a gun, and then snatched her purse.

Contending that the evidence is insufficient to support the guilty verdict, Parker points to inconsistencies and weaknesses in the

---

[2] *Cowan v. State*, 243 Ga. App. 388 (1) (531 SE2d 785) (2000).

State's case and further points out that Heath was the only witness who identified him as the gunman. He argues that Heath's testimony was not corroborated as required by OCGA § 24-4-8.

The rule that a felony conviction may not be based upon the uncorroborated testimony of an accomplice applies only when the accomplice is the sole witness upon whose testimony the State relies.[3] "Slight evidence of a defendant's identity and participation from an extraneous source is all that is needed to corroborate the accomplice's testimony."[4] Here the State introduced evidence, which, independently of Heath's testimony, connected Parker to the crimes, including Parker's own statement that placed him in the backseat of the automobile before and after the incident. While Parker denies that he was the gunman and complains of weaknesses or inconsistencies in the evidence, we do not weigh the evidence nor determine witness credibility[5] but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[6] So long as some competent evidence supports each fact necessary to make out the State's case, we will uphold the jury's verdict.[7] Here the evidence is sufficient to corroborate his accomplice's testimony and to authorize a rational trier of fact to find Parker guilty beyond a reasonable doubt of armed robbery and possession of a firearm during the commission of a crime.[8]

2. Parker contends that the trial court erred in denying his motion for new trial based upon two instances of alleged juror misconduct. In the first instance, during a recess after closing arguments, Parker's mother overheard one juror say to another juror, "You know he is guilty, right?" During deliberations Parker's mother reported the juror's statement to Parker's trial counsel. Parker's trial counsel testified at a hearing on motion for the release of juror information and admitted that Parker's mother had reported the incident and that he did not report the allegation to the trial court.

For juror misconduct to be a cause for a new trial, it must appear affirmatively that neither the appellant nor his counsel knew of the misconduct before the verdict.[9] "[Trial counsel] cannot remain silent and take the chances of an acquittal for his client, and upon failure,

---

[3] OCGA § 24-4-8; *Telfair v. State,* 234 Ga. App. 444, 445 (507 SE2d 195) (1998).

[4] (Citations and punctuation omitted.) *Telfair,* supra, 234 Ga. App. at 445.

[5] *Cowan,* supra, 243 Ga. App. at 388.

[6] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[7] *Davis v. State,* 244 Ga. App. 708, 710 (1) (536 SE2d 596) (2000).

[8] See *Jackson v. Virginia,* supra.

[9] *Josey v. State,* 148 Ga. 468 (1) (96 SE 1041) (1907); *Lyman v. State,* 69 Ga. 404, hn. 4 (1882); *Hand v. State,* 205 Ga. App. 467, 468 (1) (422 SE2d 316) (1992); *McDaniel v. State,* 145 Ga. App. 123 (2) (243 SE2d 109) (1978).

make it a good ground for a new trial."[10] Here the record shows that Parker's trial counsel knew of possible juror misconduct and did not bring it to the attention of the trial court. Consequently, this issue was waived.

As to the second allegation of juror misconduct, one of Parker's trial attorneys stated at the hearing on motion for the release of juror information that one of the jurors approached him immediately after the verdict and informed him that other jurors appeared to have already decided Parker's guilt before deliberations. According to the attorney, she complained that those jurors had badgered her into her guilty vote. Not only has Parker failed to point to any affidavit by such juror,[11] but "a juror cannot be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fel-low-jurors, or by showing his own misconduct or disqualification from any cause."[12] The allegation here does not fall within either of the two exceptions to this rule: "where extrajudicial and prejudicial information has been brought to the jury's attention improperly, or where non-jurors have interfered with the jury's deliberations."[13]

3. Finally, Parker contends that his trial counsel provided ineffective assistance of counsel by failing to bring to the trial court's attention possible juror misconduct. All allegations of ineffective assistance of counsel must be raised at the earliest practicable moment, and any allegation not so raised is deemed waived.[14] The record shows that after the trial, Parker retained another attorney, who filed a motion for the release of juror information and a motion for new trial. Thereafter, he retained a third attorney, who filed an amended motion for new trial and a motion for a ruling on the record, wherein Parker waived a hearing on the amended motion for new trial. Neither the motion for new trial nor the amended motion for new trial asserted that the trial defense counsel was deficient for failing to report the alleged juror misconduct. Nor was such argument made at the post-trial hearings on the motion for the release of juror information. Consequently, this allegation of ineffectiveness of counsel is deemed waived.[15]

---

[10] (Citation omitted.) *Lyman*, supra, 69 Ga. at 407 (4).

[11] See Court of Appeals Rule 27 (c) (3).

[12] (Punctuation and footnote omitted.) *Wright v. State*, 233 Ga. App. 358, 361 (2) (504 SE2d 261) (1998).

[13] (Citations and punctuation omitted.) *Gardiner v. State*, 264 Ga. 329, 332 (2) (444 SE2d 300) (1994), quoting *Spencer v. State*, 260 Ga. 640, 643 (3) (398 SE2d 179) (1990).

[14] *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385) (1998).

[15] See id.; *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987) ("Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion."); *Render v. State*, 240 Ga. App. 762 (a) (525 SE2d 134) (1999).

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MAY 7, 2001.

*Sara M. Yeager,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Elisabeth G. Macnamara, Robert M. Coker, Assistant District Attorneys,* for appellee.