Walker *vs.* Walker.

---

No. 30.—B. WALKER, caveator, &c. plaintiff in error, *vs.* N. F. WALKER, propounder, &c. defendant.

[1.] Where there has been evidence in a cause submitted to the Jury on both sides, which is very conflicting, and no rule of law violated in its admission, it is error in the Court, to grant a new trial, on the ground that the verdict is contrary to evidence. The Jury in such cases, are the exclusive judges, as to the weight of the evidence, and the credibility of the witnesses.

[2.] When a Juror has been impannelled to try a cause, and during the trial, and before he has rendered his verdict, he shall be entertained by either of

the parties, at *their expense*, and the verdict is found in favor of the party so entertaining the Juror, the verdict will be set aside.

Motion for new trial, in Upson Superior Court. Decided by Judge STARKE, April Term, 1851.

At the July Term, 1850, of the Inferior Court of Upson County, sitting as a Court of Ordinary, the will of Charity Walker was propounded for record, by her executor, Nathaniel F. Walker. Benjamin Walker, an heir at law, of the said Charity, filed a caveat to the will. The Court admitted the will to record, and the caveator entered an appeal.

At the April Term, 1851, of Upson Superior Court, the cause came on to be tried on the appeal.

Much testimony was introduced by both parties, in relation to the capacity of the testatrix to make a will.

Obediah C. Gibson *sworn.* " He was a subscribing witness; testatrix was a very old woman, and quite feeble; thought she was of sound and disposing mind, at the time of the execution of the will."

Dr. Knox, a subscribing witness, testified, " that testatrix was of sound and disposing mind and memory," &c.

Dr. Cheney, examined on the part of the caveator, testified that he had known testatrix since 1843 ; that he was the only physician she had for five years ; when she died, he thought she was in her dotage."

Jacob King testified, " that he did not think testatrix capable of anything."

A great number of witnesses was introduced, both by the propounder and caveator, and the evidence was conflicting.

The Jury found a verdict against the will.

Whereupon counsel for propounder, moved for a new trial, upon the following, among other grounds :

1st. Because after the Jury were impanelled to try the cause, and after the testimony had been submitted, and a portion of the argument of counsel had been made, during the recess of the Court from one day until the next, Nathan Respass, one of the

Jurors, went home with the caveator,  at his invitation, and was by said caveator entertained by him at his  expense.    2nd.  Because the verdict was contrary to the evidence.

At the hearing of the  motion  for a  new trial, counsel for caveator, admitted that Respass the Juror,  spent  the night at the house of  caveator, as stated  in the first ground for a  new trial.

The Court permitted Respass, the Juror, to file his affidavit in substance :  that he  had been on terms of intamacy and friendship with caveator, for more than 20 years ; that he had no conversation with him in relation to  the  trial,  nor did the circumstance of his  spending  the  night at the house of  caveator, influence him in giving his consent to the verdict, &c.

The Court granted a new trial, on both the  grounds taken in the *rule nisi,* and counsel for caveator excepted.


J. FLOYD and GOODE, for plaintiff in error.

GREENE and HARMAN, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.


In this case, there was  a motion for a new trial  in the Court below, on two grounds : First.  Because the verdict was contrary to the evidence.    Second.  Because one of the Jurors,  impannelled to try the cause, while  the  same was  pending, and after the testimony had been submitted, and a portion of the argument of counsel had been made,  during  the  recess of the  Court from one day until the next,  went home with the caveator, remained all night at  his house,  and was  entertained by him, at his, the caveator's, expense, in whose favor the verdict was found by the Jury.

[1.] The  Court below  granted  a  new  trial on  *both*  the grounds taken in the rule.   In  relation to the first ground, that the verdict was contrary to the evidence, the Court, in our judgment, was clearly in error.   There was much evidence on both sides, in regard  to the *capacity* of  the  testatrix to make a will, and this evidence was very conflicting.   The capacity of the tes-

tatrix to make a will, and the credibility of the witnesses, were *exclusively* questions for the consideration of the Jury. There is no complaint, that any rule of law was violated by the Court, in submitting the facts to the Jury for their consideration. This question has been repeatedly adjudicated by this Court. *Craft vs. Jackson,* 4 *Geo. Rep.* 360. *Armis vs. Barker, Ibid,* 170. *Peck vs. Land,* 2 *Kelly,* 16. *Stroud vs. Mays,* 7 *Geo. Rep.* 269. *Flournoy vs. Newton,* 8 *Geo. Rep.* 306.

[2.] In our judgment, the new trial was properly granted by the Court below, on the ground that the Juror was entertained at the expense of the caveator, as stated in the record.

It is true, the affidavit of the Juror was produced, in which he states that his verdict was not influenced by the kindness and hospitality of the caveator. But we place our judgment on the principle of the Common Law, which we consider a safe and salutary rule. When a Juror has been impannelled to try a cause, and during the trial, and before he has rendered his verdict, he shall be *entertained,* by either of the parties, at *their expense,* and the verdict be in favor of the party so entertaining the Juror, the verdict will be set aside. *Graham on New Trials,* 96, 97, 98, *and cases there cited.* This rule is indispensably necessary to preserve the purity and integrity of Jury trials in our Courts, and cannot be too strictly enforced.

Let the judgment of the Court below, granting a new trial, upon the last ground considered and adjudged by this Court, be affirmed.