PALMER *v.* THE STATE.

1. The overruling of a demurrer to an indictment is not cause for granting a new trial.

2. Under the evidence in the record, it was not error for the court to instruct the jury thus: "If you believe from the evidence that the witness called for whiskey and it was measured out to him a certain quantity in a pint cup, and that he threw the money down on the counter where it could be seen by the defendant, and the same was not returned to him or he was not notified that it was a gift, that is a circumstance that you may consider in passing upon the question as to whether or not it was a sale or a gift of the whiskey."

3. The court having declined to verify one of the grounds of the motion for a new trial, which alleged a failure to charge the jury as to the effect and weight they should give the defendant's statement, this ground cannot be taken as true by the Supreme Court, notwithstanding the defendant offered two affidavits in support of its truth. What the court charged or failed to charge must be authenticated by the judge, and not by affidavits of other persons.

4. There was no error in denying a new trial on any of the grounds taken in the motion.    *Judgment affirmed.*

February 13, 1893.

Before Judge ROBERTS. Montgomery superior court. October adjourned term, 1892.

Indictment for retailing liquor without license in Montgomery county, not in a town or city where by law authority to grant such licenses is vested in the corporate authorities. The evidence shows that the liquor was furnished at the time and place as charged, but the defendant in his statement claimed that he gave it and did not sell it or receive any money for it. The person to whom it was furnished testified: I passed the house of defendant, asked him if he had any whiskey, and told him that I wanted some. He asked, how much; I replied, a pint. He took a pint measure, drew a pint from behind the counter, and filled up a bottle and handed it to me. . . I threw a half dollar down on the counter, and went out carrying the whiskey with me. I don't know that defendant saw me throw the half dollar; I suppose he did; do not know that he got it. He was standing behind the counter, I in front of it. I did not ask him how much he asked for the whiskey, nor was there any agreement as to price of same. I do not know that he took the half dollar.—The defendant stated that he did not see the witness lay a half dollar on the counter, and did not get it.

After conviction the defendant excepted to the overruling of his motion for a new trial. The grounds of the motion are, that the verdict is contrary to law and evidence, and that the court erred in charging as shown in the second head-note. Another ground alleged that the court failed to charge the jury as to the effect and weight they should give the defendant's statement. This ground was not approved by the court, but the defendant offered two affidavits in support of its truth.

C. D. LOUD, R. R. NORMAN and HARRISON & PEEPLES, for plaintiff in error.

TOM EASON, solicitor-general, by HINES, SHUBRICK & FELDER, contra.