## CENTRAL OF GEORGIA RAILWAY CO. *v.* HAMMOND.

Where, pending the trial of an action against a railway company, the jury, with the court's permission, had dispersed for the night, and one of them was treated to a drink of intoxicating liquor and a cigar, and was also slept with by a person who had not only assisted the plaintiff's counsel in striking the jury and in conducting the case but who was also a witness therein for the plaintiff, and himself directly interested in its result, for the reason that he had a case against the same defendant, in which he claimed damages arising from the same alleged act of negligence upon which the plaintiff's action was predicated, the court, on having its attention called to these facts, ought to have sustained a timely motion for a mistrial, made by the defendant's counsel. Upon principles of sound public policy, and to the end that the purity of jury trials may be preserved unimpaired, any verdict against the defendant should, under such circumstances, be set aside, whether the same is affirmatively shown to be wrong or not.

Argued November 4, — Decided December 2, 1899.

Action for damages. Before Judge Littlejohn. Sumter superior court. November term, 1898.

*William, D. Kiddoo* and *J. B. Hudson,* for plaintiff in error.
*Blalock & Cobb, W. P. Wallis,* and *J. A. Hixon,* contra.

LEWIS, J.    Upon the trial of this case in the superior court of Sumter county, the plaintiff in error moved for a mistrial, on the ground of misconduct of the jurors, and especially on account of the courtesies and favors received by Howard, one of the jurors, from one Hall.    The court took cognizance of the fact that Howard was a juror, and that Hall had been declared disqualified as a juror, because he had a case pending in the same court against the defendant for damages that he claimed accrued to him out of the same railroad accident for which plaintiff, in his suit, claimed damages, Hall's suit being for damages to his mules, wagon, and other personal property injured at the same time and place.    It further appears from the record that the plaintiff below, by his counsel, asked that Hall be allowed to remain in the court-room to assist them in the management of the case, which the court permitted, and Hall did remain, and assisted in the conduct of the case and in the selection of the jury.    All these things occurred in the presence of the court. It further appeared in testimony that the jury were allowed to disperse when court adjourned on a certain day during the trial, with instructions to communicate with no one about the case. Hall was in court at the time, and at night after the adjournment he extended an invitation to one Pounds to go and get a drink with him, and Howard, who was standing near, accompanied them by invitation of Pounds.    They went into an open barroom, and there ordered drinks and cigars, Hall paying for the treat.    Afterwards Hall and the juror retired to the same room in the hotel, and slept together in the same bed. The next morning a motion for mistrial was made by counsel for the railway company, and was overruled by the court; and upon this ruling error is assigned in the bill of exceptions.

In the administration of law there is perhaps nothing that is guarded with more vigilance by the judiciary than the conduct of the jury pending the trial of a litigated case.    For the sake of public policy, and for the purpose of maintaining and protecting the purity of the jury-box, and to insure a fair and impartial trial to litigants, it is the policy of the law that each

juror should be kept entirely and absolutely free from any influence which might tend to prejudice or bias his mind in favor of either party to the case on trial. In *Rainey* v. *State*, 100 *Ga.* 82, it appeared that during the trial of a criminal case the jury dispersed, and one of them was entertained at dinner free of charge by an attorney for the State. It was held that such conduct was cause for a new trial, although counsel for the accused knew of the same before the verdict had been returned. It was further ruled by this court that the trial judge should not, and this court will not, inquire whether injury resulted to the accused or not, but the verdict, upon principles of sound public policy, will be set aside, to the end that the purity of jury trial may be preserved unimpaired. In *Springer* v. *State*, 34 *Ga.* 379, it was held that the conduct of one of the counsel engaged in the prosecution, in protecting for a night, free of charge, the horses of some of the jurors, necessitated the grant of a new trial. *Salter* v. *Glenn*, 42 *Ga.* 64; *Shaw* v. *State*, 83 *Ga.* 92; *Robinson* v. *Donehoo*, 97 *Ga.* 702. The above citations are only a few among the many cases decided by this court in which verdicts have been set aside on the ground of misconduct of the juror, in some of the cases not as reprehensible as the conduct of the juror in this case. This ruling is based upon the idea that the court will, at all hazards, protect the purity of the jury-box; and although the court might be satisfied that there was no fraudulent intent on the part of the juror in his improper associations with the party interested in the case on trial, the general rule is that the question as to whether injury has actually resulted will not be inquired into by the court. In this case it is true that the person who treated the juror in the barroom and associated with him as a bedfellow during the night pending the trial was neither a party nor an attorney for either of the parties to the case on trial; but having a case against the same defendant company, founded upon the same facts, there was certainly as much to excite his interest in the result of the trial as if he had been a regularly employed attorney for one of the parties. Besides this, he aided the plaintiff below during the conduct of the trial, going to the extent of assisting him in striking the jury. The motion for a mis-

trial was made immediately upon the discovery of the fact by counsel for plaintiff in error. We think he clearly had a right to insist upon a trial before a jury of twelve men kept entirely free during the trial from any improper associations or deal-ings involving favors shown the juror by one so directly inter-ested in the result of the issue as the evidence discloses Hall was in this case.. We think, therefore, the court erred in over-ruling this motion for a mistrial.

*Judgment reversed. All the Justices concurring.*