## LEE *et al. v.* WINKLES.

1. Even if the rejection of the proffered testimony of one of the defendants, as set out in the first ground of the amendment to the motion for a new trial, were, when considered without more, error, it was not cause for a new trial, when the witness gave the same testimony in another part of his evidence.
2. A ground of a motion for a new trial assigning error upon the admission of an incomplete and, therefore, meaningless sentence in the testimony of a witness presents no point for adjudication.
3. The verdict was supported by the evidence, and the court did not err in refusing to grant a new trial.

Argued July 21,—Decided November 19, 1908.

Complaint.　Before Judge Edwards.　Haralson superior court. September 30, 1907.

*J. S. Edwards* and *James & Hutchens,* for plaintiffs in error.
*Griffith & Matthews,* contra.

Fish, C. J.　Mrs. Winkles sued J. W. Lee and three others on a note.　The defense was payment.　There was a verdict for plaintiff, and defendants' motion for a new trial being overruled, they excepted.

1.　One ground of the motion was, "Because the court ruled out, on objection by counsel for plaintiff, the following evidence of W. B. Lee, one of the defendants and a witness for the defendants: 'He [meaning his father, J. W. Lee] told me to carry it on to town and turn Mr. Winkles over the other,' [meaning the other two bales belonging to J. W. Lee]." This evidence was offered by defendants to show that J. W. Lee directed his son, W. B. Lee, the witness, to turn these two bales of cotton over to Mr. Winkles, the agent of the plaintiff, and also to corroborate the testimony of J. W. Lee, one of the defendants and a witness for them, that W. B. Lee was directed by him to turn the cotton over to Mr. Winkles. It appears from the record that W. B. Lee, the witness, did testify, in another part of his evidence, that he, by order of his father, de-

37

livered the two bales of cotton here referred to to Mr. Winkles, agent of the plaintiff, to be credited on the note sued on. As the defendants, therefore, got the full benefit of this testimony, the refusal of the court to permit the witness to testify to the same fact in another portion of his testimony was not cause for a new trial. *Kessler* v. *Pearson,* 126 *Ga.* 725 (55 S. E. 963).

2. The only other special ground of the motion was, "because the court admitted in evidence the testimony of Jasper Winkles, agent and husband of the plaintiff, who was a witness for the plaintiff, . . as follows: 'I told him [meaning G. T. Lee, one of the defendants] it was in your hands [meaning that the note was in the hands of plaintiff's counsel]; and when they came over and paid seventy dollars on the note and give a note for the balance.'" The objection was that this was an offer to compromise. This incomplete and, as it stands, meaningless, sentence from the testimony of the witness raises no point for adjudication. *Smith* v. *State,* 126 *Ga.* 803 (55 S. E. 1024).

3. The general grounds of the motion, that the verdict was without evidence to support it, etc., were not meritorious, as there was ample evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*