### 4551.  HALL *v.* TREADAWAY, administrator.

HILL, C. J.   1. The court did not err in excluding from evidence the original papers of foreclosure proceedings in a justice's court.   Original records of one court ordinarily are not admissible in evidence in a different court, but certified copies of such papers constitute primary evidence.   Civil Code (1910), § 5799; *Georgia Engineering Co.* v. *Horton,* 135 *Ga.* 58 (3) (68 S. E. 238), and cit.

2. The evidence demanded the verdict as directed by the trial judge.

*Judgment affirmed.*

DECIDED MARCH 18, 1913.

Trover; from city court of Floyd county—Judge Reece.   November 1, 1912.

*John Camp Davis,* for plaintiff in error.

*M. B. Eubanks, E. P. Treadaway,* contra.

---

### 4553.  LAW, trustee, *v.* LEROUX.

POTTLE, J.   Several persons executed a note to a bank to raise a fund to pay a debt due by a third person to his employer.   To protect the makers against loss, subscriptions were solicited from other friends of the debtor.   The defendant subscribed to this fund and executed a note for the amount of his subscription.   *Held,* that if the defendant's note was executed after the note was made to the bank and the money obtained thereon, it was without consideration; as no benefit flowed to the maker, and the failure to pay the note did not result in legal injury to the payee.   Civil Code, § 4242.   The rule would be otherwise if the payee was induced to execute his note to the bank by the defendant's promise to return to him a part of the money obtained from the bank.                                                   *Judgment affirmed.*

DECIDED MARCH 18, 1913.

Certiorari; from Fulton superior court—Judge Bell.   September 23, 1912.

*H. L. Graves,* for plaintiff.

*Felder, Anderson, Dillon & Whitman,* for defendant.