## 21811. HARTLEY v. SANDERS.

BELL, J. 1. The testimony of the witnesses being in conflict as to the material issues involved, and there being some evidence to support the verdict in favor of the defendant, the court did not err in refusing to grant a new trial upon the general grounds of the plaintiff's motion therefor. *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (6) (129 S. E. 65).

2. It was not cause for a new trial that the court excluded the testimony referred to in the first special ground of the motion for a new trial, testimony to the same effect having been given by the same witness without objection in another part of his evidence. *Lee* v. *Winkles,* 131 *Ga.* 577 (62 S. E. 820) ; *Ogburn* v. *Jones,* 142 *Ga.* 360 (3) (82 S. E. 1070).

3. The documentary evidence referred to in the second special ground of the motion for a new trial was relevant for the purpose of impeaching one of the witnesses introduced by the plaintiff, and its admission was not erroneous upon the ground that the foundation was not properly laid, it being stated in this ground of the motion that the witness had an opportunity to examine the document and that the "same appeared to have been verified by witness." If the foundation was properly laid, it is immaterial that the witness had concluded his testimony and was absent from the court-house at the time the document was finally introduced in evidence. There is no assignment of error upon the reopening of the case for the purpose of admitting this evidence. Civil Code (1910), § 5881.

4. The third special ground of the motion assigns error upon the rejection from evidence of an original suit in another court, which the plaintiff contended was admissible for a certain purpose. "Original records of one court ordinarily are not admissible in evidence in a different court, but certified copies of such papers constitute primary evidence." *Hall*

v. *Treadaway*, 12 *Ga. App.* 492 (77 S. E. 878); *Georgia Engineering Co.* v. *Horton*, 135 *Ga.* 58 (3) (68 S. E. 794).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided May 11, 1932.

*Ennis & Hallaway, J. K. Whaley,* for plaintiff.
*W. B. Smith,* for defendant.