DECIDED MAY 26, 1936.

25303. HART *v.* THE STATE.

DECIDED MAY 26, 1936.

*Raymond W. Martin,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

MacINTYRE, J. 1. There being positive testimony that when certain officers raided Buddy Hart's restaurant on March 22, 1935, Hart stepped through a door into a room back of the restaurant and poured whisky out of a large jar before an officer could stop him, and that after a struggle the officer got the jar away from Hart and found in it "about a tablespoonful" of whisky, this court can not say that the evidence did not warrant the jury in finding the defendant guilty of illegally possessing whisky.

2. The first and second grounds of the amendment to the motion for new trial assign error respectively on the overruling of movant's general and special demurrers to the accusation. The bill of exceptions merely recites the overruling of said demurrers without assigning error on any ruling of the court thereon, and no exceptions pendente lite were filed. "A judgment overruling a demurrer to an accusation should be excepted to directly by exceptions pendente lite, properly preserved in the record, or by exceptions in the final bill of exceptions, timely filed. It does not constitute a proper ground in a motion for a new trial." *Mack* v. *State,* 10 *Ga. App.* 835 (74 S. E. 444); *Williams* v. *State,* 4 *Ga. App.* 853 (62 S. E. 525); *Kelly* v. *State,* 24 *Ga. App.* 345 (2)

(100 S. E. 772); *Findley* v. *State,* 43 *Ga. App.* 94 (157 S. E. 888); *Palmer* v. *State,* 91 *Ga.* 164 (16 S. E. 976); *Veal* v. *State,* 116 *Ga.* 589 (42 S. E. 705).

3. It appearing that on several occasions testimony substantially the same as that objected to was admitted without objection, the court did not commit reversible error in refusing to rule out the testimony of a witness that it was his "understanding" that a woman found by the officers in the defendant's place of business was his wife. *Harrison* v. *State,* 125 *Ga.* 267 (2) (53 S. E. 958); *Daughtry* v. *Savannah & Statesboro Ry. Co.,* 1 *Ga. App.* 393 (3) (58 S. E. 230); *Hartley* v. *Sanders,* 45 *Ga. App.* 273 (2) (164 S. E. 232).

4. Ground 4 avers that the court erred in admitting the following testimony of Grover Cole: "I have raided Buddy Hart's place several times. Sometimes I found whisky, and sometimes I did not. I really do not know how many times in the past two years . . I have raided this place, but more than once, three or four times. The time I found whisky, Mr. Gordy and I found half a gallon in a kerosene tank." The gist of the objection was that since the defendant was charged with committing the offense on March 22, 1935, and the case was tried on September 9, 1935, the witness's testimony "would include and did include acts" committed since the time the offense was alleged to have been committed. "In a prosecution for possessing whisky it is not error to admit evidence that on other occasions, both before and after the date of the offense charged in the accusation, whisky was found in the place of business of the accused." *Jones* v. *State,* 32 *Ga. App.* 7 (122 S. E. 738); *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156); *Hayes* v. *State,* 36 *Ga. App.* 668 (137 S. E. 860); *Ealey* v. *State,* 40 *Ga. App.* 727 (151 S. E. 400). The evidence was not subject to the objection made, and there is no merit in the ground.

5. Ground 5 complaining that the court erred in allowing a witness to refer to the woman found at the defendant's place of business as "Mrs. Hart" is not meritorious, for the reason that substantially the same evidence was repeated several times without objection. *Harrison* v. *State,* 125 *Ga.* 267 (2) (53 S. E. 958); *Daughtry* v. *Savannah & Statesboro Ry. Co.,* and *Hartley* v. *Sanders,* supra.

6. It appears from ground 6 that on cross-examination the

State's witness, Keeble, testified: "I think I can tell the difference between alcohol and whisky;" that counsel for movant then presented "a bottle wrapped in paper to the witness" and said: "Smell of this bottle. . . I want to test you;" that the witness answered: "No, I won't smell it;" that counsel for movant then stated to the court that "the bottle contained hair tonic and he wanted to test the witness's sense of smell by comparing the smell of hair tonic with that of whisky." Under the circumstances stated, the court did not err in refusing to allow counsel to "test" the witness.

7. The following testimony of the witness, Lester Mann, elicited on cross-examination, does not appear to have been harmful to the defendant, and the court did not commit reversible error in admitting it over the objection that it was "irrelevant, immaterial, prejudicial and hearsay:" "My father did not report Mr. Hart for furnishing me with whisky, and he did not move the location of the barber shop for that reason."

8. The court did not commit reversible error, as contended, in allowing the witness, Lester Mann, to testify on cross-examination: "I take a drink sometimes," over the objection that said testimony was "immaterial and irrelevant and prejudicial," and "the use of whisky did not constitute a crime of moral turpitude."

9. Having charged the law applicable to the controlling issues in the case, the court did not err in failing, without request, to charge "the law relating to the presumption of law as to the possession of liquor where the evidence shows joint occupancy or joint tenancy;" or in failing, without request, to charge the rule as to the presumption of the ownership of whisky found in a house occupied by a husband and wife; or in failing to distinguish between "the presumption of law as to husband and wife and the presumption of law as to joint tenancy or joint occupancy."

10. There is no merit in the ground complaining that "the court erred in failing [without request] to give in charge to the jury the limitation of prosecution in misdemeanors."

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*