30873.  SHAHAN *v.* AMERICAN TELEPHONE AND TELEGRAPH COMPANY.

750

DECIDED JUNE 28, 1945.   REHEARING DENIED JULY 26, 1945.

*James Maddox,* for plaintiff.

*S. W. Fariss, Neely, Marshall & Greene,* for defendant.

PARKER, J. (After stating the foregoing facts.) ■ The first special ground of the motion for new trial complains of the ruling of the court in sustaining an objection to certain testimony of the plaintiff, and in excluding it as a mere conclusion. The motion recites that the testimony was offered, quoting it, and that objection thereto was made by counsel for the defendant, quoting the objection, and that the court sustained the objection, and that the ruling is excepted to. These recitals do not present a good ground for new trial. It does not appear that the question asked of the witness was pertinent, or how the testimony excluded was harmful to the plaintiff. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that a pertinent question was asked and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Griffin* v. *Henderson,* 117 *Ga.* 382 (2) (43 S. E. 712); *Middlebrooks* v. *Fisk Tire Co.,* 31 *Ga. App.* 535 (121 S. E. 134).

Furthermore, the brief of evidence shows that other testimony substantially like that excluded was introduced by the plaintiff. For this additional reason this ground lacks merit. *Hartley* v. *Sanders,* 45 *Ga. App.* 273 (2) (164 S. E. 232).

■ Grounds 2, 3, and 4 relate to the same matter and will be considered together. They complain of the ruling of the court in permitting the jury, at the conclusion of the evidence, on motion of the defendant and over the objection of the plaintiff, to view the property involved in the litigation. It appears in these grounds that the jury, under instructions from the court, left the court-room, accompanied only by the sheriff or his deputy, and went a distance of approximately ten miles from the courthouse, in taxi-cabs furnished by the defendant, which was known to the jury, to see for themselves the condition of the lands about which the witnesses had testified, and that the trial judge gave the jury certain cautionary instructions before they left the courtroom. The plaintiff contends that this ruling was error because the motion to allow the jury to view the premises was made by counsel for the defendant in the presence of the jury; and no reason or good pur-

pose could be served in viewing the lands approximately a year and a half after the acts complained of; and because the jury were instructed that they might inspect a part only or the entire tract, as they saw fit, and could see for themselves what injury or damage had been done, if any, and might disregard the testimony of the witnesses; and because neither the trial judge nor counsel in the case were present when the jury made the inspection, and finally, because the jurors were transported to the lands in taxicabs furnished by the defendant, which fact was known to them.

Unquestionably the trial court had the right, in its discretion, to permit the jury to view the premises involved in the controversy. "Whether or not a jury should be sent out to view the place or view the premises where the injury happened, or the features of which are involved in the controversy, is a matter which rests in the sound discretion of the trial court, and the court's ruling in granting or refusing a view will not be reversed, unless under the particular facts of the case [there] was some abuse of discretion on the part of the court." *Moore* v. *Macon Coca-Cola Bottling Co.,* 180 *Ga.* 335, 342 (178 S. E. 711). But this ruling does not dispose of all the questions made by the exceptions, and they will be considered in the order in which they appear.

Was the making of the motion to permit the jury to view the premises, in the presence of the jury, error as complained of by the plaintiff? No Georgia case on this point has been cited by counsel and we have found none. A rule stated in 53 Am. Jur., Trial, § 445, is as follows: "A party about to make a request that the jury be allowed to make a view or inspection of the place or premises should ask that the jury be retired, in order to avoid possible prejudice against the adverse party in case he interposes an objection thereto." This rule seems to be supported by National Box Co. *v.* Bradley, 171 Miss. 15 (154 So. 724), and Seininski *v.* Wilmington Leather Co., 3 Boyce (Del.) 288. It appears in the case at bar that immediately after the motion was made the court ordered the retirement of the jury, and that counsel for the plaintiff then had an opportunity to object to the motion out of the presence of the jury. It also appears that no motion for a mistrial was made by counsel for the plaintiff. Although we think it was clearly improper practice to make the motion to allow the view by the jury in their presence, the court removed the wrong as soon

as possible by excluding the jury, and in the absence of a motion for a mistrial at the time this complaint shows no reversible error.

The objection to the motion for a view by the jury upon the ground that no good purpose could be served in viewing the lands a year and a half after the acts complained of had been committed is without merit. The evidence was in sharp and definite conflict as to the effects upon the lands caused by the acts of the defendant alleged to be trespasses, and also as to the condition of the lands at the time of the trial. Whether the court permitted the view by the jury was wholly within the sound discretion of the trial judge, and no abuse of that discretion is shown in this complaint.

We find no error in the instruction of the court to the jury that they might inspect a part only or the entire tract of land involved, and might see for themselves what injury or damage had been done. The criticism of these instructions is that they, in effect, allowed the jury to disregard the testimony of the witnesses. The purpose of a view by the jury, as authorized by the laws and rules of practice in this State, as was well said in *Moore* v. *Macon Coca-Cola Bottling Co.,* supra, is to "aid the jury to better understand the testimony of the witnesses." The cautionary remarks of the trial judge to the jury did not authorize them to disregard the evidence in the case, and is not subject to that construction. The suggestion that they might inspect all or only a part of the land was not improper as there was no contention that all of the land had been damaged by the defendant; and certainly the jury were expected to see for themselves the condition of the premises so as to better understand what the witnesses were talking about when they testified.

The complaint that the view by the jury, out of the presence of the trial judge and counsel for the parties, was error requiring a new trial, presents more serious questions. At first blush it would seem that a view by the jury is such a part of the trial that the judge and counsel, unless their presence was waived, should be present. As to whether the presence of the judge is necessary when the jury is viewing premises or property involved in litigation, outside of the courthouse, no Georgia case dealing directly with the question has been brought to our attention. In *County of Bibb* v. *Reese,* 115 *Ga.* 346 (41 S. E. 636), it appears that the judge accompanied the jury, though riding in another carriage, on a trip

to view real-property premises alleged to have been damaged. The ruling of the lower court in permitting the view was affirmed by the Supreme Court, but whether it was necessary for the judge to be present was not raised or decided. The first question certified by this court to the Supreme Court and answered by it in *Moore* v. *Macon Coca-Cola Bottling Co.,* supra seems to imply that the judge would not accompany the jury. The question asks whether the court might "allow the jury to leave the courtroom, in company with the sheriff, and inspect the premises." And it was answered in the affirmative. "The trial judge is not required to be present at a view except, it has been held, in equity cases where the verdict of the jury is advisory merely, at least where it is the rule that the jury is not receiving evidence when viewing premises. The rule is otherwise where a view is regarded as part of the trial." 53 Am. Jur., § 446. The text quoted is backed by Snyder *v.* Massachusetts, 291 U. S. 97 (54 Sup. Ct. 330, 78 L. ed. 674, 90 A. L. R. 575); Shular *v.* State, 105 Ind. 289 (4 N. E. 870, 55 Am. R. 211); State *v.* Slorah, 118 Me. 203 (106 Atl. 768), and State *v.* Hartley, 22 Nev. 342 (40 Pac. 372). It has been held also that the failure to object to the absence of a judge at a view defeats the right to complain. State *v.* Moon, 20 Idaho 202 (117 Pac. 757). Since the whole purpose of a view is to help the jury to better understand the evidence introduced, and the jury is not strictly speaking receiving evidence when viewing premises, we conclude that the presence of the trial judge is not required, although we think a view by the jury, allowed under direction of the court, is a part of the trial. On the other hand, the attorneys in the case should be present unless they waive such right. In the proper representation of their respective clients counsel for both sides should be allowed to go with the jury when premises are viewed, and see for themselves all that the jurors may see about the premises, so that they may intelligently discuss the evidence in their arguments to the jury. In no other way could counsel be fully informed as to the implications and inferences the jury might well draw from the evidence implemented by the view of the property involved. In this case the plaintiff's counsel objected generally to the view allowed the jury on motion of the defendant, and did not claim the right to be present or specifically object on that ground. Under these circumstances we do not think this complaint shows reversible error.

The final objection embraced in these exceptions is that the jurors were carried in taxicabs furnished by the defendant to the property to be viewed, and that this was known to the jury, but it does not appear that this was known by counsel for the plaintiff before the verdict. We think this was error requiring a new trial. It may have tended to prejudice or influence the jury in favor of the defendant, and may have affected the verdict in favor of the defendant although the jurors themselves were wholly unaware of such prejudice or unconscious influence upon them. Rules of law designed to preserve the purity and integrity of jury trials can not be too strictly enforced. Trials by juries must be, like Caesar's wife, above suspicion. As far back as 1851, and all through the years intervening, our courts have recognized the rule that when a juror trying a case, and during the trial and before he has rendered his verdict, shall be *entertained* by either of the parties, or their counsel, and the verdict be in favor of the party so entertaining the juror, the verdict will be set aside. *Walker* v. *Walker,* 11 *Ga.* 203; *Walker* v. *Hunter,* 17 *Ga.* 364; *Springer* v. *State,* 34 *Ga.* 379; *Salter* v. *Glenn,* 42 *Ga.* 64; *Rainy* v. *State,* 100 *Ga.* 82 (27 S. E. 709); *Central of Georgia Ry. Co.* v. *Hammond,* 109 *Ga.* 383 (34 S. E. 594); *Alabama Great Southern R. Co.* v. *Brown,* 140 *Ga.* 792 (79 S. E. 1113, Ann. Cas. 1915A, 1159). It may be said that the jury went to see the property under the orders of the court, and not of their own volition, and that the supplying of transportation facilities by the defendant did not amount to entertainment of the jury within the purview of the rules of law applied in the cases cited. Furnishing vehicles with their knowledge in which the jurors rode to the premises involved under the circumstances appearing in this case, was at least an "untoward circumstance," as stated by Chief Justice Russell in *Barfield* v. *State,* 179 *Ga.* 293, 295 (175 S. E. 582), and was calculated to prevent the jury from giving a free and fair consideration to the issues in the case. The jurors may have been affected and influenced by the fact without knowing it. As was said by Justice Simmons in *Shaw* v. *State,* 83 *Ga.* 92, 101 (9 S. E. 768), "How can any man tell what particular facts and circumstances influence his judgment?" In that case a new trial was granted because the jury were permitted to attend a prayer-meeting conducted by the prosecutor in the case. One of the grounds on which the verdict

was set aside and a new trial granted in *Obear* v. *Gray,* 68 *Ga.* 182 (5), was that the jury, being detained over Sunday in the consideration of the case, were allowed to go to a park, a public resort, on the Sabbath day, and to separate from each other for some time; and in *Styles* v. *State,* 129 *Ga.* 425 (59 S. E. 249), a new trial was had because certain jurors, during the trial, read a certain newspaper containing a certain editorial which was calculated to prejudice their verdict. Many other cases could be cited showing how jealously the sanctity of jury trials has been guarded by the courts of this State, but we deem this unnecessary. We think the cases referred to clearly support the conclusion we have reached on this exception.

■ Grounds 5, 6, and 8 allege error in certain excerpts from the charge of the court. The first of these relates to the charge on the credibility of the witnesses. The next ground complains of the charge respecting the preponderance of evidence. Both excerpts as criticised in these complaints are substantially correct and show no error. The last of these grounds, numbered 8, sets out that the court erred, after charging that the jury would give such weight and credit only to the testimony of the witnesses as they thought each witness was entitled to receive, by adding, "and then you have been allowed in this case to go and see the property yourselves. Now the facts which you ascertain in that way are the facts upon which you will pass in arriving at your verdict." The plaintiff contends this charge was error because it instructed the jury that they might consider as evidence what they had seen, and might reach their verdict from facts ascertained by the view and inspection of the property, notwithstanding the testimony of the witnesses in the case. We recognize the rule that a juror shall not act on his private knowledge in making a verdict, unless sworn and examined as a witness in the case, as set out in the Code, § 110-108. It is interesting to note just here that in the earliest times in the history of the English law juries acted solely on what they knew of the case or of the parties. Later on they might hear witnesses but could still legally use their personal knowledge. Now they must act on the evidence in the case and without regard to their personal knowledge. See *Register* v. *State,* 10 *Ga. App.* 623, 640 (74 S. E. 429). The purpose of a view is to aid the jury to better understand the evidence. This necessarily implies that the

jurors may apply to the testimony the knowledge obtained by them in seeing the property or premises involved. The knowledge acquired by jurors in making a view is in one sense personal, but in another sense it becomes a part of the evidence in that it may be used by them in construing the evidence and finding the truth of the case. The charge complained of here went further than was necessary or proper. The jury may have inferred from the charge as given that facts ascertained by them solely from seeing the property had probative value within and of themselves and without regard to the sworn testimony. If the jury did so infer the charge was harmful. We think the better practice is to charge merely the object and purpose of a view, namely, to aid the jury in better understanding the evidence, and nothing more.

■ Grounds 7, 9, and 10 set out that the court erred in its charge respecting the easement contract or agreement entered into by the parties, and under which the defendant went upon the lands of the plaintiff. Three rather lengthy excerpts from the charge are quoted and objected to in these grounds. The summarized exceptions are that the court did not construe the contract as the law requires, but left such construction to the jury when it was a question of law and not of fact. "The construction of a contract is a question of law for the court. Where any matter of fact is involved (as the proper reading of an obscurely written word), the jury should find the fact." Code, § 20-701. There was no issue in the case as to the meaning of the contract. The parties did not differ as to that. The whole question was whether the defendant committed acts of trespass for which it was liable to the plaintiff while on his land, and the instructions complained of merely presented to the jury that controlling question. For these reasons we find no error in these grounds.

The court erred in overruling the motion for new trial, on the ground complaining of the transportation of the jurors in taxicabs furnished by the defendant, as ruled in division 2 of this opinion. Since a new trial is ordered, it is not necessary to consider the general grounds of the motion.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*

### ON MOTION FOR REHEARING.

Counsel for defendant contend in their motion for rehearing as to the ruling in headnote 2 (e) and the corresponding division of

the opinion, that as a matter of fact *the jury did not know* that the vehicles in which they were transported to the premises viewed by them were furnished by the defendant. They concede that if the facts as recited in the opinion are the true facts this court should grant a new trial. Ground 4 of the amended motion complains of the action of the court in permitting the jury to view the premises, the jury being "transported and conveyed to the premises in dispute in three taxicabs furnished, and at the expense of defendant," and assigns error thereon for several reasons set out. Paragraph (b) is as follows: "Because said jury was transported to the property in dispute in taxicabs hired by the defendant company, *which was known by the jury,* and movant contends was influenced thereby in favor of the defendant." The recitals of fact in the motion are approved as true and correct by the trial judge. We are bound by the record and can not consider a contention based upon alleged facts at variance with those approved by the court. *Paulk* v. *Creech,* 8 *Ga. App.* 738 (4) (70 S. E. 145). Under these circumstances the motion for rehearing is *denied.*