38532. STATE HIGHWAY DEPARTMENT v.
SINCLAIR REFINING COMPANY.

Decided January 6, 1961.

*Eugene Cook, Attorney-General, Paul Miller, Assistant At-torney-General, Payne & Heard, E. Freeman Leverett, Woodrow Lavender,* for plaintiff in error.

*Williford & Grant,* contra.

NICHOLS, Judge. ■ Special grounds 4, 5 and 6 of the con-demnor's amended motion for new trial in this case are con-trolled adversely to the condemnor by the decision in division 2 of the opinion in *State Highway Dept. v. Robinson,* ante.

■ Special ground 7 complains that the trial court erred in charging the jury with reference to consequential damages be-cause there was no evidence sufficiently definite and competent to support a verdict for consequential damages.

The gist of this complaint is not that the charge given was contrary to law, but merely that there was no competent evi-dence adduced on the trial of the case to authorize such charge. Among others, Mr. W. H. Hoover, a witness for the condemnor, testified as to the consequential damages to the condemnee's property. Mr. Hoover was qualified as an expert by the con-demnor, and while this witness did not testify as to the market value of the whole property owned by the condemnee before the taking, the value of the remainder after the taking and the dif-ference in such values, since the condemnor had qualified this witness as an expert, the evidence of his opinion, under *Code* § 38-1710, was admissible and authorized the charge complained of. See also *Minsk v. Fulton County,* 83 Ga. App. 520 (64 S. E. 2d 336). The trial court did not err in giving the charge com-plained of.

■ Special ground 8 complains that the trial court erred in failing to charge that, in the event the jury awarded the con-demnee consequential damages, the total award could not be in excess of the total value of the whole property before the tak-ing. The court instructed the jury: "The method of determin-ing the consequential damages, if any, would be the market value

of the land not taken immediately before the taking of the land by the State Highway Department and the market value of the land not taken immediately after the taking of the land by the State Highway Department. The difference in those two values, if any, would be the measure of consequential damages." The jury was elsewhere instructed as to the value of the land taken. When such charge is considered in its entirety it is evident that the jury could not, under the instructions given, have awarded the condemnee compensation in excess of the total value of the complete tract of land before the taking. If additional instructions had been desired they should have been the subject of a timely written request.

■ Special ground 9 is controlled adversely to the condemnor by the ruling in division 3 of the opinion of this court in the case of *State Highway Dept. v. Robinson*, ante.

■ Special ground 10 was expressly abandoned by the plaintiff in error in its brief and will therefore not be considered.

■ Special ground 11 complains that the trial court erred in refusing to grant its motion for mistrial made after the condemnee made a motion, in the presence of the jury, that the jury be allowed to view the premises affected by the condemnation action. Special ground 12 complains that the trial court erred in permitting the jury, over objection, to view the premises affected by the condemnation. These special grounds will be considered together inasmuch as they deal with the same subject matter.

In *Shahan v. American Tel. & Tel. Co.*, 72 Ga. App. 749 (35 S. E. 2d 5), it was held that, while it was improper to make a motion in the presence of the jury, that the jury be allowed to view premises involved in the litigation, it was not harmful error where the trial court promptly excluded the jury, thereby enabling counsel to make any objection to the motion which he saw fit out of the presence of the jury. Special ground 12 shows that the jury was excluded while objections were made, and special ground 11 does not show that the jury was present when the motion for mistrial was made. " 'The trial judge in passing upon a motion for mistrial on account of alleged improper argument or remarks (by counsel) to the jury is vested with a broad

and sound discretion, and his ruling will not be controlled by this court unless manifestly abused.' [*Smith v. State*, 204 Ga. 184, 188, 48 S. E. 2d 860]." *J. W. Starr & Sons Lmbr. Co. v. York*, 89 Ga. App. 22 (3) (78 S. E. 2d 429). In *Shahan v. American Tel. & Tel. Co.*, 72 Ga. App. 749, 752, supra, a motion was made in the presence of the jury that the jury be allowed to visit and inspect the property involved, and this court, in dealing with such assignment of error stated: "It appears . . . that immediately after the motion was made the court ordered the retirement of the jury and that counsel for the plaintiff then had an opportunity to object to the motion out of the presence of the jury. It also appears that no motion for mistrial was made by counsel for the plaintiff. Although we think it was clearly improper practice to make the motion to allow the view by the jury in their presence, the court removed the wrong as soon as possible by excluding the jury, and in the absence of a motion for a mistrial at the time this complaint shows no reversible error." In that case the question of whether a mistrial would be demanded, if asked for, was not presented. It appears from the record in the present case that the jury, as in the *Shahan* case, was immediately retired upon counsel for the condemnee making the motion that the jury be allowed to view the premises. In the case of National Box Co. v. Bradley, 171 Miss. 15, 31 (157 So. 91, 95 A. L. R. 1500), it was said, with reference to a request that the jury be allowed to view the premises involved in the litigation: "When, without first having the jury retired, such a request is made and in the presence of the jury the judge may and generally should overrule it—because thus improperly made—and without waiting for an objection from the other side, unless of course the other side immediately join in the request. And when such a request is made improperly in the presence of the jury, and the court does not then and there at once overrule it, because thus improperly made, and the other party does not immediately announce anything as to whether he will or will not join in the request, the judge should, of his own motion, retire the jury, and if he do not, the opposite party must request the retirement, and if upon that request the court still fails to retire the jury and the party then makes his objection

to the view, the failure to retire the jury will constitute reversible error, if the evidence be strongly conflicting, whether the order for a view is made or is not made—this because the judge has compelled the party to make his objection in the presence of the jury to his injury as aforementioned. But in order to constitute reversible error, as regards the matter of procedure, the objecting party must (1) make the request for the retirement of the jury, and (2) he must object to the view. The controlling point is that the party must have been obliged, in order to make his objection at all, to make it in the presence of the jury. Until the objecting party has requested the retirement of the jury, any previous failures to conform to the rules of practice above stated will be considered as breaches of propriety but not as reversible error." Since the jury was immediately retired and the condemnor made its objections in the absence of the jury no reversible error is shown by the judgment refusing to grant the motion for mistrial.

The judgment of the trial court permitting the jury to view the premises fails to show reversible error, for as was said in *Shahan v. American Tel. & Tel. Co.*, 72 Ga. App. 749, 753 supra, "Whether the court permitted the view by the jury was wholly within the sound discretion of the trial judge, and no abuse of that discretion is shown in this complaint." No abuse of discretion was shown.

■ Special ground 13 complains that the trial court erred in excluding certain evidence adduced by the condemnor on cross-examination of a witness for the condemnee. It was sought to be shown by this evidence that the condemnee had intentionally violated rules and regulations of the State Highway Department by constructing a "pump island" closer to the road than such rules and regulations permitted, and that as a result of such violation the condemnee was not entitled to compensation for having to remove such "pump island" from the property condemned. The evidence adduced, and ruled out on motion of the condemnee, dealt with certain rules and regulations of the State Highway Department. The court in ruling out such evidence stated: "The State Highway Department has condemned this tract of land, has acquired title to it by judgment of condemnation signed

by this court, of which this pump island is a part; and the State Highway Department says that it stands ready to pay just and adequate compensation for said right-of-way, so I will rule out all evidence with reference to these Highway Regulations." The regulations under discussion were revised in 1958. This ruling did not rule out any regulations which might be shown to have been in effect when the pump islands were constructed. Regulations of the State Highway Department dealing with the location of "pump islands" for service stations located adjacent to State highways, would have no reference to "pump islands" installed prior to the adoption of such regulations. In the absence of a showing that such regulations were in existence at the time the "pump islands" were installed no error is shown by this ground of the motion for new trial.

■ Special ground 14 complains that the trial court erred in refusing to permit the condemnor to ask a witness for the condemnee, on cross-examination, the following question which had reference to the gasoline pumps which were located on the property condemned by the State Highway Department: "Did you or did you not know that your pumps and your competitor's pumps were holding up the building and construction of the new highway?" In the case of *Herrington & Co. v. Shumate Razor Co.*, 6 Ga. App. 861, 864 (65 S. E. 1064), it was held that conclusions of witnesses are of no probative value unless the facts on which the opinions are based sustained the opinions rendered. See also *Gordy Tire Co. v. Bulman*, 98 Ga. App. 563, 564 (106 S. E. 2d 332), where it was said: "While many times witnesses may state as facts that which are really conclusions on their part, in the absence of evidence to show that such statements are conclusions they must be taken as a statement of fact (See *Malleable Iron Range Co. v. Caffey*, 64 Ga. App. 497 [13 S. E. 2d 722]), but where the other testimony shows the 'opinions' stated to be merely conclusions not supported by the facts to which the witnesses testified the conclusions are without any probative value." The question in the present case shows that any answer that might have been given by the witness would have been a conclusion. The witness may have concluded that the pumps were holding up work on the new highway, but he,

an employee or agent of the condemnee, could not have knowledge of why the highway was not being constructed by the condemnor. Moreover, the condemnor had had fee simple title to the property with the right to enter adjacent land owned by the condemnee for the purpose of removing such pumps if it desired to do so. No harmful error is shown by this ground of the motion for new trial.

■ Special ground 15 of the amended motion for new trial complains that the trial court erred in refusing to permit a witness for the condemnor to answer the following question: "In dealing with Sinclair Oil Company, or Sinclair Refining Company, do you consider that they treated you fairly?" After counsel for the condemnee objected to such question, counsel for the condemnor stated that by such question he was attempting to impeach the witnesses for the condemnee, a corporation, by showing that the witness, who had dealt with the condemnee over a period of years, would not believe its officers, agents and employees under oath.

The Code provides for the impeachment of witnesses when the jury determines that the witness is unworthy of belief. However, where a party does not testify, what is there to be impeached? A corporation may act only through its officers, agents etc., and its witnesses in the trial of a case may be impeached, but where a witness, who is not himself a party, is impeached this does not impeach every witness that testifies for the party to the case on trial. However, an examination of the question asked the witness, if answered, would not have had the effect of impeaching the "corporation" but rather would have tended to weaken the testimony of the condemnor's witness. The witness was asked if he felt that the corporation had treated him fairly. According to the statement of counsel for the condemnor, of what he expected to prove by this witness, the witness would have testified that he did not think the corporation had treated him fairly. This testimony, if given, would have tended to show that the witness harbored ill will toward the corporation. In the case of *Skipper v. State*, 59 Ga. 63, 66 (2), Judge Bleckley, speaking for the Supreme Court, said: "The law brands no witness as impeached just because he is not at peace with the

scoundrel against whom he testifies. It recognizes the possibility of bias in his evidence, but it does not go further, and convert the possibility into a certainty. It leaves that for the jury to do, in the event they shall believe, on their oaths, that it ought to be done, under all the circumstances of the particular case." The testimony objected to by the condemnee would have been hurtful only to the condemnor if admitted, and its exclusion, if error, was certainly not harmful.

■ Special ground 16 insists that a new trial should be granted because of certain newly discovered evidence. Affidavits and counter-affidavits, are attached to the motion for new trial. At the hearing of the amended motion for new trial the condemnor made certain objections to excerpts from the counter-affidavits, which were overruled by the trial court, and error is assigned on such objections in the bill of exceptions. Without considering the objections to the affidavits of the condemnee, inasmuch as such a consideration is not necessary for a decision of the case, the affidavits of the condemnor and parts of the affidavits of the condemnee to which no objection is taken, show that the newly discovered evidence is merely cumulative or impeaching in character. Therefore, the trial court did not abuse its discretion in refusing the condemnor's motion for new trial on this ground.

■ The amount of the verdict for the condemnee was authorized by the evidence.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*