23782. CLOER v. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

ARGUED NOVEMBER 14, 1966—DECIDED DECEMBER 5, 1966.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellee.

ALMAND, Justice. Arlon B. Cloer brought an equitable petition against the Life & Casualty Insurance Company of Tennessee. The amended petition alleged that plaintiff has two life insurance policies with the defendant each of which has a total and permanent disability rider; "that for the past three (3) years, plaintiff has been totally incapacitated," and that he has been and is unable to carry on his business. The petition also alleged that the defendant had waived all premiums due under the policies pursuant to the disability riders; that although his physical condition had not improved but had become worse, he had been notified by an officer of the company that he would have to begin payment of the premiums again or the policies would lapse; and that on April 22, 1965, plaintiff's physician notified the defendant that plaintiff was permanently and "completely disabled in regard to the requirement of his work." Plaintiff claimed to be totally and permanently disabled within the meaning of the disability riders and entitled to the benefits thereunder. Plaintiff prayed (1) "that the defendant be temporarily restrained and permanently enjoined from treating aforesaid insurance policies as lapsing for nonpayment of premiums, and to have the total and permanent disability rider specifically enforced" and (2) "that plaintiff recover of the defendant any amounts paid on premiums after April 22, 1965, pursuant to defendant's notice to plaintiff that said premiums must be paid, or the policies lapsed."

Defendant filed its answer in which it denied that plaintiff was unable to carry on his lumber business and denied that his physical condition had not improved or become worse or that the report of plaintiff's physician showed plaintiff to be totally

and permanently disabled within the meaning of the disability riders. In addition, defendant denied the allegation that plaintiff was entitled to any benefits under the riders or that plaintiff would suffer irreparable damage and injury if the policies lapsed. All other allegations in the petition were admitted.

The case proceeded to trial, and after the presentation of evidence, plaintiff's motion for a directed verdict was denied. The jury returned a verdict for defendant and judgment was entered thereon denying plaintiff's prayer for an injunction and specific performance. Thereafter, plaintiff moved for a judgment notwithstanding the verdict and filed an amended motion for new trial on the general grounds and on several special grounds. These motions were overruled, and plaintiff has appealed assigning error thereon.

■ The first, second and third enumerations of error are upon the trial court's overruling appellant's motions for (1) a new trial on the general grounds, (2) a judgment notwithstanding the verdict and (3) a directed verdict at the conclusion of all the evidence, respectively.

In a full-bench decision, this court set out the rule regarding total disability as follows: "Mere inability of the insured to perform all or substantially all of the duties of his occupation or of such other line of endeavor as he might be reasonably expected to follow, within the foregoing rule, would not amount to total disability, for he would not be totally disabled unless he was unable to perform any substantial part of the duties of such occupation or other line of endeavor as described." *Mutual Life Ins. Co. v. Barron,* 198 Ga. 1 (2a) (30 SE2d 879). The clause in the disability rider before us reads that the insurer would waive the premiums should the insured "become totally disabled as the result of bodily injury or disease so as to be wholly prevented thereby from engaging in any occupation or employment for wage or profit." It was also held by this court in Headnote 3 of the *Barron* case that "under the evidence as a whole, it was a jury question as to whether the insured was totally disabled within the meaning of the policy." From our review of the record before us, we find that there was evidence upon which the jury could have found that the insured was not totally disabled.

There was no error in overruling any of these motions.

■ The fourth enumeration of error complains of the court's having allowed the fact that appellant owned 15,000 acres of land into evidence because his financial worth had nothing to do with the case. This evidence was introduced in the form of a response by the appellant to an attorney's question on cross examination. During the same cross examination, the appellant responded to another question regarding the leasing of some of his property to the effect that he had leased about 10,000 acres in 1956 and 5,000 acres in January of 1965. There was no objection to this latter response. "Though the admission of certain testimony objected to be erroneous, a reversal will not result where other testimony to the same effect and of like nature was introduced without objection." *Sapp v. Callaway,* 208 Ga. 805 (3) (69 SE2d 734). See also *Lee v. Winkles,* 131 Ga. 577 (1) (62 SE 820).

■ The fifth enumeration of error asserts that the court erred in refusing to charge a portion of appellant's second request to charge. Appellant's request read as follows: "Gentlemen of the Jury, I charge you that total disability exists when one is wholly disabled from pursuing the usual and customary duties of his employment on which he depends for a living. However, when an individual is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work." The record shows that the trial judge when charging the jury changed the last sentence of the above request to read as follows: "When an individual is incapacitated from performing substantially all of his ordinary duties a case of total disability exists."

The charge as given by the court to the jury was correct and in line with past decisions of this court. In *Metropolitan Life Ins. Co. v. Johnson,* 194 Ga. 138, 141 (20 SE2d 761), this court in a full bench decision clarified the meaning of total disability by stating that "total disability under the policy exists only when the insured is incapacitated to perform substantially all of the duties of his employment." The disability clause under consideration in the *Johnson* case, supra, is almost exactly the

■

same as the one before us now. The court therefore did not err in giving the charge complained of in this enumeration of error.

■ Appellant's sixth and seventh enumerations of error regard charges made to the jury pursuant to appellee's requests. We have examined these charges and find no error.

*Judgment affirmed. All the Justices concur.*