44306.   HILL et al. v. DIXIE PIPELINE COMPANY.

WHITMAN, Judge.   This is a condemnation case in which an easement for the construction and maintenance of an underground pipeline was condemned.   The condemnor filed an appeal to a jury from the award of the assessors.   A trial was had with the jury returning a verdict for the condemnees in the amount of $500, and a judgment was entered up thereon. The appeal is from the denial of the condemnees' motion for new trial.   *Held:*

1. The denial of the motion for new trial is enumerated as error. In particular it is contended that the verdict was not within the range of the evidence and thus not supported by the evidence.   One witness for the condemnor testified that, in his opinion, the value of the easement taken was $128 with no consequential damages to the remaining lands.   Another witness for the condemnor testified that, in his opinion, the value of the easement taken was $300 with no consequential damages to the remainder.   A witness for the condemnees testified that, in his opinion, the value of the easement taken was $2,500 with consequential damages to the remainder of $7,500.

Thus, the evidence as to the value of the easement taken and the consequential damages to the remainder ranges from $128 to $10,000. The verdict of the jury of $500 is obviously within this range.   There is no merit in the contention.

2. The next enumeration is that the trial court erred in denying condemnees' motion for a mistrial; that immediately prior to a recess, condemnor, in the presence of the jury, asked the trial judge to permit the jury to view the premises across which the easement was condemned; that counsel for the condemnees immediately objected, in the presence of the jury, to the condemnor's request being made in the presence of the jury and moved for a mistrial; and that the trial court overruled the motion for mistrial.

It is highly improper practice to request, *in the presence of the jury,* that the jury be allowed to view premises involved in litigation.   *Shahan v. American Tel. & Tel. Co.,* **72** Ga. App.

749 (35 SE2d 5). But the controlling point on whether such a request is a ground for a mistrial if proper motion is made, and, further, is reversible error if motion for mistrial is made and overruled, is whether the party opposing the request for a jury view was *forced* to object to the request in the presence of the jury. *State Hwy. Dept. v. Sinclair Refining Co.*, 103 Ga. App. 18 (6) (118 SE2d 293). The record shows that when the request for a jury view was made, the condemnees immediately and voluntarily objected to the request in the presence of the jury without first requesting that the jury be retired. Thus no reversible error is shown. Had a request to retire the jury been first made and denied, then it could be said that condemnees were *forced* to object to the request for a jury view in the jury's presence.

3. The third and fourth enumerations are that the trial court erred in admitting two documents in evidence over condemnees' objection. One of the documents was a warranty deed dated November 15, 1945, conveying a large tract of land to Reid A. Wilson. The other document was a "right of way grant" executed by Reid A. Wilson on October 6, 1959, to the South Georgia Natural Gas Company.

In offering the documents, the condemnor stated that they were being offered for consideration together for the limited purpose of showing that the condemnees' 15-acre tract was already burdened by another easement for underground pipe. The specific objections raised were that the 1945 warranty deed to Wilson recited the consideration for that conveyance, and further involved a considerably larger tract of land (the fifteen-acre tract of the condemnees having been later carved therefrom), and that the document was prejudicial in that it showed only what the larger tract of land sold for in 1945 and was without other supporting evidence showing the lands were presently in a same or similar condition. The right of way grant from Wilson to South Georgia Natural Gas Company was objected to on the ground that its description was not sufficiently definitive to show that the easement granted therein involved the same property involved in the present case. The objections were made to the documents as a whole.

In overruling the objections and allowing the documents in evidence, the trial court directed the jury that they were being admitted for the limited purpose of showing an alleged burden of another pipeline easement on the same land, and were to be considered by the jury as evidence in that connection only

and to be given such weight, force and credit as the jury found deserving.

The condition of land at the time of taking is relevant evidence in a condemnation case as it bears directly on the jury's function of determining its value. The evidence was admissible for the purpose specified.

If the description in the above mentioned right of way grant was inadequate, as contended, to show another pipeline was on the condemnees' property, we think it was admissible in conjunction with the condemnees' own prior testimony (i.e., of Kenneth Hill) that there was in fact another pipeline traversing his property.

4. The last enumerated error relates to the following excerpt from the charge of the court: "Gentlemen, I specifically instruct you that consequential damages to the property of the condemnees, which are caused by negligence are not proper for consideration in a condemnation proceeding, such as this, but are subjects for other litigation. Therefore, I charge you that, in determining the diminution in value, if any, in Mr. and Mrs. Hill's remaining property as of July 5th, 1966, you must assume that the pipeline was thereafter constructed, and has and will be operated in a proper and lawful manner, and that Dixie Pipeline Company will exercise due care and use its rights of ingress and egress only as reasonably necessary for the enjoyment of its easement. The only consideration you may give to consequential damages relates to any damage to or diminution in the fair market value of Mr. and Mrs. Hill's remaining property."

It is contended that the charge, insofar as it refers to "negligence," was an implication to the jury that it was a contention of the condemnees that the construction and laying of the pipeline was negligently done by the condemnor and that some of the condemnees' alleged damage in the case included such an item.

We do not think that this charge had any such implication. As we read the charge, it only defines the meaning of consequential damages as applicable in a condemnation case and does so correctly. *Central Ga. Power Co. v. Mays*, 137 Ga. 120 (72 SE 900); *H. G. Hastings Co. v. Southern Nat. Gas Corp.*, 45 Ga. App. 774, 778 (166 SE 56); *McArthur v. State Hwy. Dept.*, 85 Ga. App. 500 (69 SE2d 781).

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED MARCH 5, 1969—DECIDED JULY 14, 1969.

*Maxwell A. Hines,* for appellants.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr.,* for appellee.